324 So.2d 205 (1975)
Gary D. HOCHMAN and Elyse S. Hochman, Appellants,
v.
LAZARUS HOMES CORPORATION, a Florida Corporation, Appellee.
No. 74-1733.
District Court of Appeal of Florida, Third District.
November 25, 1975.
Rehearing Denied January 22, 1976.
Reiseman & Buchbinder, Miami, for appellants.
Ser & Keyfetz, Blatt, Udell, Alterman & Lasky, Freidin & Goldfarb, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and PIERCE, WILLIAM C., Associate Judge.
PIERCE, WILLIAM C., Associate Judge.
This is an appeal by Gary D. Hochman and Elyse S. Hochman, plaintiffs in the trial court, from a final judgment dismissing with prejudice an amended complaint for damages.
The amended complaint alleges that in June of 1973, the Hochmans entered into a deposit receipt agreement with the defendant, Lazarus Homes Corporation, whereby Larazus Homes was to sell a single family residence to the Hochmans for the sum of $51,778.00. The agreement provided that the Hochmans would assume a mortgage of $40,642.40 placed by Lazarus Homes, bearing interest at 7.5 per cent per annum. Lazarus Homes obtained a mortgage on the property in the principal sum of $40,600.00, but at an interest rate of 8.5 *206 per cent per annum. The complaint further alleges that the transaction was closed with the specific understanding that the Hochmans reserved the right to file an action for damages resulting from the difference in interest rates. The damages sought in the amended complaint are the additional interest payments and the diminished value of the property.
Lazarus Homes Corporation filed a motion to dismiss stating as some of the grounds that the amended complaint fails to state a cause of action; that the elements of damage were improper, and that the contract was accepted and the transaction was consummated and, therefore, the plaintiffs have waived their rights to rescind the contract. The motion was granted and the trial court entered its order dismissing the amended complaint with prejudice and final judgment in favor of the defendant. The order contains no grounds or reasons for dismissal.
On appeal, the Hochmans contend that the trial court erred in dismissing the amended complaint and in entering final judgment for the defendant. We agree. The rule is well established that, upon a motion to dismiss a complaint for failure to state a cause of action, all material allegations of the complaint are taken as true. Those allegations are then reviewed in light of the applicable substantive law to determine the existence of a cause of action. Peeler v. Independent Life and Accident Insurance Co., Fla.App. 1967, 206 So.2d 34, 36. Based upon the foregoing, taking the allegations of the amended complaint as true, we find it to be sufficient. Cf. Lungu v. Walters, Fla.App. 1967, 198 So.2d 99. The facts alleged in the complaint and supported by the agreement, a copy of which is attached to the complaint, state a cause of action. As to the ground of waiver raised in the motion to dismiss, we note the allegation in the amended complaint that the right to damages had been expressly reserved. Waiver is defined as an intentional relinquishment of a right. 12 Fla.Jur., Estoppel and Waiver, § 7. Therefore, that allegation, taken as true on the motion to dismiss, effectively negates a waiver.
The defendant also raised damages as a ground for its motion. A motion to dismiss is not a proper method of attacking a complaint that is insufficient only in that the elements of damage are improper or insufficiently alleged. Arcade Steam Laundry v. Bass, Fla.App. 1964, 159 So.2d 915, 916. If the complaint states a claim upon which at least nominal damages may be awarded, then a motion to dismiss such a complaint should not be granted. Augustine v. Southern Bell Telephone & Telegraph Company, Fla. 1956, 91 So.2d 320, 323.
Therefore, the defendant's grounds being insufficient to sustain a motion to dismiss, the order of dismissal with prejudice and entering final judgment is reversed and the trial court is directed to proceed with the cause accordingly.
Reversed with directions.