453 So.2d 501 (1984)
James TER KEURST and Cecilia Ter Keurst, Appellant,
v.
MIAMI ELEVATOR Company and Centaur Insurance Company, Appellees.
No. 84-196.
District Court of Appeal of Florida, Third District.
July 31, 1984.
Maguire & Friend and Michael P. Maguire, Coral Gables, for appellant.
Schwartz & Hasty and G.J. Godfrey, Miami, for appellees.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
We affirm the judgment below on the authority of Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923 (Fla.3d DCA 1983) which specifically approved the method used in this case for selection of the jury panel. We hereby certify to the Supreme Court of Florida that this decision passes upon a question of great public importance:
May a trial court require the parties to exercise all of their peremptory challenges simultaneously in writing where the original panel has been thoroughly examined and challenges for cause exercised, and there remain sufficient members to comprise a jury after all peremptory challenges have been exhausted?
Affirmed; question certified.
BASKIN, Judge (dissenting).
I disagree with the conclusion in the majority opinion that Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923 (Fla. 3d DCA 1983) forecloses our consideration of the issue raised in this appeal. In Gellert the court addressed the inability of a litigant to exercise all his peremptory challenges when there were fewer than six prospective jurors remaining in the box. Because the trial court had denied the litigants an opportunity to challenge prospective jurors seated later, this court reversed.
Now, however, we are confronted with a different problem. Appellants complain that under the system used by the trial court in reliance on Gellert, they were deprived of the opportunity to exercise intelligent judgment because they were required to submit their peremptory challenges simultaneously with those submitted by opposing counsel. Thus, when they exercised their peremptory challenges at the time specified by the trial court, they did not know which prospective jurors had been excused by opposing counsel. In fact, the trial court stated:
[T]his will be the only time that you will have a chance to exercise your challenges and if you do not use all three of them, you will waive them... .
Appellants maintain that the court should have ordered a system which would permit the parties to take turns in exercising peremptory challenges. They would then *502 have avoided wasting their peremptory challenges on individuals already excused by opposing counsel. Their claim has merit.
In my view, the procedure utilized by the trial court denied appellants the opportunity guaranteed by law to reach an intelligent decision as to the exercise of peremptory challenges. Loftin v. Wilson, 67 So.2d 185 (Fla. 1953); Minnis v. Jackson, 330 So.2d 847 (Fla. 3d DCA 1976). Once the litigants have used their challenges on individuals already excused by an opponent, they lack further recourse, especially when, as here, the trial court announces that failure to exercise peremptories at the stated time constitutes a waiver of peremptories. It is impractical to require them to violate the court's ruling in order to obtain the information they need.
My disagreement with the majority is based on two reasons. First, waiver is the intentional relinquishment of a known right. Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (Fla. 1945); Hochman v. Lazarus Homes Corp., 324 So.2d 205 (Fla. 3d DCA 1975). In this case, however, the court required counsel to exercise their peremptories in total ignorance of the action taken by opposing counsel. Under these circumstances, no waiver could lawfully occur.
My second reason stems from the language of the rule pertaining to examination of prospective jurors by the parties. Rule 1.431(b) of the Florida Rules of Civil Procedure states that the parties have the right to examine jurors orally on their voir dire. It continues: "The order in which the parties may examine each juror shall be determined by the court." It is readily apparent that the rule itself contemplates an order to be determined by the court for the exercise of peremptory challenges. Unfortunately, the order set in this case was no order at all, but a simultaneous exercise of challenges depriving the litigants of an opportunity to exercise fair judgment.
For these reasons, I would reverse the judgment and remand for a new trial.