COWART, Judge,
concurring specially:
Before voir dire began, the trial judge informed counsel that once the defense tendered six jurors to be the jury in this criminal case and the State accepted them, no further peremptory challenges could be exercised even though the jurors had not yet been sworn. After voir dire examination, defense counsel tendered a jury of six and the State accepted them. Thereafter defense counsel sought to exercise a peremptory challenge to excuse one of the jurors and the trial judge denied that request. This appeal presented the questions of whether under Florida Rule of Criminal Procedure 3.310 the trial court abused its discretion in regulating the manner in which peremptory challenges were to be used, and if so, whether it was reversible error. Associate Judge Robert Miller, of the original appellate panel, wrote a proposed opinion affirming and stating that there was no abuse of discretion because the trial court put the parties on prior notice as to the manner in which counsel were to use peremptory challenges and that manner permitted each party a reasonable method to exercise peremptory challenges after given an opportunity to view the prospective panel as a whole. Florida Rock Industries, Inc. v. United Building Systems, Inc., 408 So'.2d 630 (Fla. 5th DCA 1981), was distinguished on the basis that dos. jury selection procedure imposed by the trial judge in that civil case was disapproved because it required counsel to finally accept or to challenge each juror individually and one at a time and that procedure denied the right to peremptorily challenge any one of the jurors after counsel was first able to view the prospective jury as a whole. Florida Rock declined to apply the harmless error statutes because of the particular facts in that case. Judge Cowart concurred with the proposed panel opinion and affirmance but also took the position that even if there was error, under Jones v. State, 332 So.2d 615 (Fla.1976), the harmless error statute applied because the record in this case failed to reveal any error resulting in prejudice to the defendant. Judge Upchurch dissented on the grounds that reversible error occurred, that under Jones v. State such error was harmless only when the evidence of guilt was overwhelming and that the evidence of guilt in this case was not overwhelming. En banc proceedings were instituted on the basis that the proposed panel majority opinion was in conflict with Florida Rock and that Florida Rock required a reversal in this case. Five of the six active judges actually participating and voting en banc were of the opinion that the trial court erred but three of the six were of the opinion that the harmless error statutes[1] applied. Thus the en banc majority opinion resulted.
Florida Rule of Criminal Procedure 3.310 should be construed so that after counsel for both parties are given ample opportunity to exercise peremptory challenges, and counsel have selected and agreed upon all of the individual jurors that are to compose the proposed jury, the trial judge has discretion to require counsel to make a decision to either exercise any remaining peremptory challenges at that time or to accept the proposed jury panel with such acceptance being final and binding as to *628 peremptory challenges even though the selected and accepted jury is not sworn at that moment of time. This construction would give counsel a reasonable opportunity to exercise peremptory challenges after viewing the jury as a composite whole, thus avoiding the harm addressed in Florida Rock and in other cases,[2] and yet permit trial courts the discretion and flexibility to act more efficiently and economically by selecting juries before their moment of need and excusing the voir dire panel and having the jurors comprising the accepted juries return at a later time when they would not be subject to further peremptory challenges but would be sworn and used exactly as if they had been sworn at the moment they were earlier accepted by counsel. Such a view is not in conflict with the holding in Florida Rock.
Because this view cannot prevail in this court at this time, I concur specially with the conclusion that the harmless error statutes apply and that the trial court decision should be affirmed.

. §§ 59.041 and 924.33, Fla.Stat.

. See Keurst v. Miami Elevator Company, et al, 453 So.2d 501 (Fla. 3d DCA 1984); Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923 (Fla. 3d DCA 1983).