458 So.2d 762 (1984)
Aldelbert RIVERS, Appellant,
v.
STATE of Florida, Appellee.
No. 62127.
Supreme Court of Florida.
November 1, 1984.
*763 Randolph Q. Ferguson, Miami, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Miami, for appellee.
BOYD, Chief Justice.
This is an appeal from a judgment of conviction of several felonies, among them a conviction of first-degree murder for which a sentence of death was imposed. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. For the reasons stated in this opinion, we affirm appellant's convictions but reduce his sentence for first-degree murder from death to life imprisonment.
Appellant Aldelbert Rivers and two other men entered a restaurant while armed and demanded money. Appellant shot and killed a waitress and fired two more shots as he left the building. Police appeared on the scene immediately and apprehended appellant in a nearby graveyard. When arrested, appellant asked about the woman shot at the restaurant. He was taken to a police station where, after being advised of his constitutional rights, he signed a written confession. Appellant's pretrial motion to suppress the confession was denied.
Several eyewitnesses testified at the trial about the robbery and shooting. Some of them positively identified appellant as the man who shot the waitress. A detective related appellant's confession. A medical examiner testified that the victim died of a gunshot wound to the chest.
Appellant presented an insanity defense. A psychologist testified that appellant suffered from a long-standing and major mental disorder involving alcohol and drug abuse. Appellant's sister testified that appellant had been very moody prior to the murder due to problems at work and not being able to make enough money to marry his girlfriend and take care of their two children.
*764 In rebuttal two court-appointed psychiatrists who had examined appellant before the trial testified that though appellant suffered from a personality disorder, he was not psychotic and he knew right from wrong.
The jury convicted appellant of first-degree felony murder, robbery, and possession of a firearm while engaged in a criminal offense. The jury's verdict on the capital offense specified felony murder rather than premeditation as the basis of liability.
At the penalty phase, friends and relatives testified that appellant had an unfortunate childhood and that he had never before been convicted of a crime. After hearing this evidence and the arguments of counsel and receiving the instructions of the court, the jury recommended a sentence of life imprisonment. The trial judge disagreed with the jury's recommendation, finding that the existence of only one mitigating factor and three aggravating factors called for a sentence of death.
In this appeal, appellant raises the issues of whether the trial court erred by refusing to allow "backstriking" during voir dire; whether the court erred in not holding a competency hearing; whether a non-expert witness was erroneously allowed to testify as to appellant's sanity; whether appellant's confession should have been suppressed; and whether the sentence of death was proper.
With respect to the first issue, appellant points out that during voir dire the trial judge stated that she was not going to allow any more "backstriking." During jury selection, a group of prospective jurors is typically seated in the "jury box" for the initial round of voir dire examination. After some questioning, the exercise by respective counsel of their peremptory excusals and challenges for cause may result in dismissal of some prospective jurors, and their vacated seats are then filled by new prospective jurors. The effect of the judge's ruling was to require the lawyers to accept any prospective jurors not challenged at the first opportunity. We agree with appellant's assertion that this procedure violated Florida Rule of Criminal Procedure 3.310, which provides that a defendant may challenge a prospective juror before the juror is sworn. Jones v. State, 332 So.2d 615 (Fla. 1976). However, because defense counsel did not subsequently attempt to "backstrike" any prospective juror after the judge made this statement, this issue has not been properly preserved for appeal. Denham v. State, 421 So.2d 1082 (Fla. 4th DCA 1982). In addition, given the overwhelming evidence of appellant's guilt, we find that noncompliance with this rule was harmless error. Jones v. State.
Next appellant argues that the trial judge should have held a hearing to determine his competency to stand trial. Though defense counsel did not request such a hearing, appellant argues that, by virtue of his having raised insanity as a defense, there was reasonable ground to believe he was not mentally competent to stand trial and the court therefore should have ordered a hearing on its own motion pursuant to Florida Rule of Criminal Procedure 3.210(b). An identical argument was refuted in State v. Tait, 387 So.2d 338 (Fla. 1980), where the defendant raised the defense of insanity but did not move for a hearing to determine his competency to stand trial. We concluded
that there was nothing before the court sufficient to raise a reasonable doubt as to the respondent's mental competence at trial. The trial court was not required to order a hearing on its own motion.
The rule [Fla.R.Crim.P. 3.210] draws a clear distinction between incompetence at the time of trial and insanity at the time of the offense. The judge's knowledge of results of examination ordered in connection with the defendant's reliance on the defense of insanity may or may not give rise to reasonable doubt of his competence to stand trial. Here, none of the reports or testimony before the court before or during trial gave rise to reasonable ground to believe the defendant incompetent to stand trial.
*765 Id. at 340-41. Similarly, in this case appellant was examined before trial by two psychiatrists who declared him to be competent to stand trial. Therefore we find the trial court did not err in not holding a competency hearing on its own motion.
Appellant's third point on appeal is that the trial judge erred by allowing a detective to give an opinion as to appellant's sanity. We find no merit to this argument. It is a well established principle of law in this state that an otherwise qualified witness who is not a medical expert can testify about a person's mental condition, provided the testimony is based upon personal knowledge or observation. E.g., Sealey v. State, 89 Fla. 439, 105 So. 137 (1925); Hixon v. State, 165 So.2d 436 (Fla. 2d DCA 1964).
We also find no merit to appellant's argument that his confession should have been suppressed because it was not voluntarily given. In reviewing the totality of the circumstances, we find sufficient evidence to support the trial judge's finding that the confession was freely and voluntarily made.
However, we agree with appellant's assertion that the trial judge improperly imposed a sentence of death in this case. As aggravating circumstances, the trial judge found that the murder created a great risk of death to many persons, section 921.141(5)(c), Florida Statutes (1981); that it was committed during the commission of a felony, section 921.141(5)(d), and for pecuniary gain, section 921.141(5)(f); and that it was committed for avoiding or preventing a lawful arrest, section 921.141(5)(e). The trial judge concluded that these three aggravating circumstances outweighed the single mitigating circumstance of appellant's lack of a significant history of prior criminal activity. See § 921.141(6)(a), Fla. Stat. (1981).
First, we hold that the judge erred in finding that the murder was committed for the purpose of avoiding a lawful arrest. The judge based her finding on the testimony that appellant shot the waitress as she turned to run down a hallway. The trial judge concluded from this fact that appellant shot the waitress to prevent her from leaving the restaurant and alerting authorities. We find this conclusion to be speculative and the evidence insufficient to prove beyond a reasonable doubt that this was the reason appellant shot the waitress. Past cases show that a finding of this circumstance should be based on direct evidence as to motive or at least very strong inference from the circumstances. See, e.g., Oats v. State, 446 So.2d 90 (Fla. 1984); Bolender v. State, 422 So.2d 833 (Fla. 1982), cert. denied, 461 U.S. 939, 103 S.Ct. 2111, 77 L.Ed.2d 315 (1983). Our ruling is also supported by the fact that the jury found appellant guilty of felony murder, not premeditated murder.
More importantly, we find that the judge erred in overriding the jury's recommendation of a life sentence. In Tedder v. State, 322 So.2d 908, 910 (Fla. 1975), this Court said: "In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ." See, e.g., McCampbell v. State, 421 So.2d 1072 (Fla. 1982); Stevens v. State, 419 So.2d 1058 (Fla. 1982), cert. denied, 459 U.S. 1228, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983); Odom v. State, 403 So.2d 936 (Fla. 1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982); Neary v. State, 384 So.2d 881 (Fla. 1980). Here, it appears that the judge merely disagreed with the jury's recommendation. In this case there was substantial evidence offered in mitigation which the jury could reasonably have relied upon in reaching its advisory verdict. We therefore conclude that the recommendation of life imprisonment should have been followed.
We therefore affirm appellant's convictions but reverse his sentence of death and remand with instructions to impose a sentence of life imprisonment without eligibility for parole for twenty-five years.
It is so ordered.
*766 ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.