486 So.2d 547 (1986)
James TER KEURST and Cecilia Ter Keurst, Petitioners,
v.
MIAMI ELEVATOR Company and Centaur Insurance Company, Respondents.
No. 65731.
Supreme Court of Florida.
February 27, 1986.
Rehearing Denied May 5, 1986.
*548 Michael P. Maguire of Maguire & Friend, Coral Gables, for petitioners.
Ann Thomas and G.J. Godfrey of Schwartz, Godfrey & Volpe, for respondents.
McDONALD, Justice.
The Third District Court of Appeal, after affirming a defendant's judgment predicated on a jury's defense verdict, has certified its decision approving the method of jury selection as one of great public importance.[1] The question as phrased by the district court is:
May a trial court require the parties to exercise all of their peremptory challenges simultaneously in writing where the original panel has been thoroughly examined and challenges for cause exercised, and there remain sufficient members to comprise a jury after all peremptory challenges have been exhausted?
Ter Keurst v. Miami Elevator Co., 453 So.2d 501, 501 (Fla. 3d DCA 1984). We answer the certified question in the negative.
In this case sixteen prospective jurors were called. The judge required collective examination of them all. She also stated that the first six called would be the jury to try the case unless excused or discharged, in which case replacements would move over in sequence. Hence, if juror number 2 were excused, juror number 7 would be a member of the jury until excused.
At the conclusion of voir dire the trial judge required the lawyers to designate in writing simultaneously the names of those prospective jurors the respective parties sought to challenge, without knowing those challenged by the other side. The number 2 juror had been excused for cause. Plaintiff's counsel selected numbers 4, 5, and 10 to be excused; defendant's counsel chose numbers 1, 6, and 10. The jury, therefore, consisted of numbers 3, 7, 8, 9, 11, and 12. The Ter Keursts' counsel objected to the system directed by the judge and urged that he should not have to exercise his challenges in this manner and that numbers 14 through 16 should have been excused before the parties exercised their *549 peremptories. He did not, however, object to the jury ultimately sworn or indicate any desire to challenge any of those persons remaining. Moreover, he neither urged nor suggested that different people would have been peremptorily challenged if a different system had been utilized.
Until recent years the traditional way of selecting a six-person jury was to call six persons to the box. After questioning, the plaintiff would exercise his peremptory challenges. Sometimes, because of the custom of calling jurors in sequence, he would know the identity of the next juror to be called, but in another courtroom a judge might direct the calling of the next jury by lottery and he would not know. Plaintiff's counsel would proceed until satisfied with the jury. Defense counsel would then inquire and exercise a peremptory. Some judges would require the plaintiff to proceed anew while others would direct the defendant to exercise his intended peremptories before requiring the plaintiff to proceed, but nearly all required the plaintiff to first "tender the jury" as a whole.
Rule 1.431, Florida Rules of Civil Procedure, deals with trial jury and its selection. Present paragraph (e), added in 1976, established a procedure for challenging jurors without members of the panel knowing the source of the challenge to avoid prejudice. After the addition of paragraph (e), many trial courts modified the above-outlined procedure to calling a sufficient number of jurors to allow the selection of all jurors plus an adequate number to cover peremptories and challenges for cause. These people are questioned collectively, thus allowing counsel to know about all potential jurors. Counsel know who will be serving if not excused. The exercise of challenges is done quietly at the bench. Generally, counsel are allowed to alternate in the exercise of challenges, but this is not required. Some trial judges require one side, usually the plaintiff, to exercise his challenges first. Frequently counsel "saves" a challenge, but, nevertheless, acting in good faith in exercising one's challenges is expected. Counsel usually are aware of the challenges that the other party has utilized. This knowledge was absent in the case at hand.
Counsel cannot be deprived of the use of all their peremptories nor can their right to use them be curtailed until the jury is sworn. Florida Rock Industries, Inc. v. United Building Systems, Inc., 408 So.2d 630 (Fla. 5th DCA), dismissed, 417 So.2d 331 (Fla. 1982). Within those limitations, the procedure for jury selection has traditionally been a discretionary function of the trial judge.[2] We find, however, that an abuse of discretion occurred here.
By selecting three prospective jurors, each party evidenced the intent to use all allowable challenges. When both sides challenged the same person (number 10), however, the judge thwarted this intent by excusing only five, rather than the allowable six, prospective jurors. The procedure used by the trial court, therefore, denied one of the parties the right to exercise one of its peremptories. The only fair scheme is to allow the parties to exercise their challenges singularly, alternately, and orally so that, before a party exercises a peremptory challenge, he has before him the full panel from which the challenge is to be made.
This leads to a second infirmity in the instant procedure. After excusing one person for cause, fifteen prospective jurors remained. Allowing for six peremptories left nine jurors. Only six, however, could serve. There is no way that numbers 14, 15, or 16 could have served, and, as plaintiffs' counsel pointed out, they should have been excused. After challenges for cause are made, those excess persons over the number of needed jurors plus the number of allowable peremptories should be excused so that counsel may know who will serve if not excused.
*550 Both the trial and district courts relied on Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923 (Fla. 3d DCA 1983), in using and approving the method of jury selection at issue here. As Judge Baskin pointed out in dissent, 453 So.2d at 501, Gellert concerned the inability to exercise all allowable peremptories when fewer than six prospective jurors remained in the box. In Gellert the district court described the exercise of peremptories as follows: "whereupon, apparently in accordance with the customary practice of the court, counsel for both parties submitted slips of paper bearing the names of the three prospective jurors whom each challenged peremptorily." 438 So.2d at 930. We disapprove the district and trial courts' seizing on the above-quoted language to conduct and approve the method of jury selection used in this case.
Although we quash the district court's affirmance of the jury selection, we approve the result. The Ter Keursts' counsel did not object to the jury as finally composed; he evidenced no dissatisfaction with the jurors who sat, even though obviously dissatisfied with the method of selection. We do not find this case to present fundamental error and, therefore, hold that the contemporaneous objection rule applies. The Ter Keursts would have had to object to the jury as finally composed to prevail on appeal.
We answer the certified question in the negative, quash the district court's opinion, and disapprove Gellert to the extent of conflict with this opinion, but we approve the result of the instant case.
It is so ordered.
BOYD, C.J., and OVERTON and EHRLICH, JJ., concur.
ADKINS, J., dissents with an opinion, in which SHAW, J., concurs.
ADKINS, Justice, dissenting.
I dissent.
Many trial judges are developing ingenious plans to limit the time of jury selection in order to expedite cases and increase the case count for an individual circuit. These judges are conscientious and well meaning, but are allowing the disposition of cases to become more important than the administration of justice. Unfortunately we contribute to this problem by demanding speedy trials and quick determinations so that the trial docket will flow as steadily as the crowds through Disney World. But the courts are not businesses opened for the sale of merchandise or services.
In the trial of a case the jury selection and voir dire examination are just as critical to the outcome as the presentation of evidence. Rule 1.431(b) recognizes the importance of jury selection by providing that "the right of the parties to conduct a reasonable examination of each juror orally shall be preserved." Subdivision (e) was added "to establish a procedure for challenging jurors without members of the panel knowing the source of the challenge to avoid prejudice." See Committee Note Rule 1.431 (1976 amendment). This subdivision was not included for the purpose of giving the trial judge broad authority to arrange the method of challenges in some unusual way against the will of the parties or their attorneys.
I agree with the following views of Judge Baskin as expressed in her dissenting opinion in the district court of appeal:
Appellants maintain that the court should have ordered a system which would permit the parties to take turns in exercising peremptory challenges. They would then have avoided wasting their peremptory challenges on individuals already excused by opposing counsel. Their claim has merit.
In my view, the procedure utilized by the trial court denied appellants the opportunity guaranteed by law to reach an intelligent decision as to the exercise of peremptory challenges. Loftin v. Wilson, 67 So.2d 185 (Fla. 1953); Minnis v. Jackson, 330 So.2d 847 (Fla. 3d DCA 1976). Once the litigants have used their challenges on individuals already excused by an opponent, they lack further recourse, especially when, as here, the trial court announces that failure to exercise *551 peremptories at the stated time constitutes a waiver of peremptories. It is impractical to require them to violate the court's ruling in order to obtain the information they need.
My disagreement with the majority is based on two reasons. First, waiver is the intentional relinquishment of a known right. Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (Fla. 1945); Hochman v. Lazarus Homes Corp., 324 So.2d 205 (Fla. 3d DCA 1975). In this case, however, the court required counsel to exercise their peremptories in total ignorance of the action taken by opposing counsel. Under these circumstances, no waiver could lawfully occur.
My second reason stems from the language of the rule pertaining to examination of prospective jurors by the parties. Rule 1.431(b) of the Florida Rules of Civil Procedure states that the parties have the right to examine jurors orally on their voir dire. It continues: "The order in which the parties may examine each juror shall be determined by the court." It is readily apparent that the rule itself contemplates an order to be determined by the court for the exercise of peremptory challenges. Unfortunately, the order set in this case was no order at all, but a simultaneous exercise of challenges depriving the litigants of an opportunity to exercise fair judgment.
453 So.2d 501-02 (1984).
The time honored method of jury selection has worked well, even though it might extend the length of a trial.
The procedure followed by the trial judge deprived the litigants of an opportunity to exercise fair judgment. We should not classify this error in the mode of jury selection as harmless. The change of a single juror in the composition of the jury could change the result. There is no reasonable basis for the classification of this grievous error as harmless, even though it might have expedited the trial.
The Latin phrase found in the seal of this court, "SAT CITO SI RECTE", has a literal translation of "sufficiently quickly if rightly". A smoother translation is that justice is "soon enough if correct". I subscribe to this principle.
I would adopt the dissent of Judge Baskin.
SHAW, J., concurs.
NOTES
[1] Jurisdiction exists under art. V, § 3(b)(4), Fla. Const.
[2] In many instances, because of the shortage of jurors, jury selection may be started with just a few jurors.