491 So.2d 533 (1986)
Harry Lamar TEDDER, Petitioner,
v.
VIDEO ELECTRONICS, INC., Porter M. Moore, Individually; and Alton L. Turner and Daniel L. Lindsay, As Executors of the Estate of Rex H. Moore, Deceased, Respondents.
No. 66799.
Supreme Court of Florida.
July 10, 1986.
*534 Daniel D. Richardson, Jacksonville, for petitioner.
John F. Callender, Jacksonville, for respondents.
BARKETT, Justice.
This cause is before us pursuant to article V, section 3(b)(4), Florida Constitution. The First District Court of Appeal, after reversing and ordering a new trial due to the jury selection procedure employed by the trial judge, certified the following question:
In the absence of substantial reasons arising from exceptional circumstances shown to exist in the particular case, is it an abuse of discretion for a trial court to employ a jury selection procedure in which some but not all prospective jurors are sworn for the purpose of prohibiting the exercise of peremptory challenges to backstrike such jurors?
470 So.2d 4, 9 (Fla. 1st DCA 1985). We answer this question in the affirmative.
The trial judge in the instant case swore four prospective jurors prior to completing the selection process of the entire panel and prohibited backstriking of a sworn juror after counsel completed the voir dire of the remaining two panel members. Respondents preserved the issue on appeal by appropriate objections at trial and by the attempted use of their last peremptory challenge on one of the sworn jurors. By attempting to backstrike and not being allowed to use their peremptory challenge to do so, respondents have shown prejudice and the point has been properly preserved for appeal. Compare Rivers v. State, 458 So.2d 762, 764 (Fla. 1984); Denham v. State, 421 So.2d 1082 (Fla. 4th DCA 1982). Respondents ultimately lost at trial. In the subsequent appeal, the First District held that the trial judge had abused his discretion in the jury selection process and remanded for a new trial.
Under our common law, the time and manner of challenging and swearing jurors have traditionally rested within the sound discretion of the trial court. However, a juror may be peremptorily challenged only until he is sworn. Florida Rock Industries, Inc. v. United Building Systems, Inc., 408 So.2d 630, 632 (Fla. 5th DCA 1981), dismissed, 417 So.2d 331 (Fla. 1982). Accordingly, a court can obviously employ the method which was used in this case to defeat a peremptory challenge. We have long recognized the common law grant of great discretion to our trial judges in this matter. At the same time, however, we have discouraged the use of that right to defeat peremptory challenges.
The Second, Third, and Fourth District Courts of Appeal, as well as the First District in the instant case, have recognized the importance of the "better practice" of postponing the swearing in of jurors until all challenges have been exercised. See King v. State, 461 So.2d 1370, 1371-72 (Fla. 4th DCA 1985); Eastern Air Lines, Inc. v. Gellert, 438 So.2d 923, 931 (Fla. 3d DCA 1983); Bocanegra v. State, 303 So.2d 429, 430 (Fla. 2d DCA 1974), cert. dismissed, 308 So.2d 111 (Fla. 1975). As Judge Hurley stated in his special concurrence in Grant v. State, 429 So.2d 758, *535 760-61 (Fla. 4th DCA), review denied, 440 So.2d 352 (Fla. 1983):
The right to the unfettered exercise of peremptory challenges  which, I believe, includes the right to view the panel as a whole before the jury is sworn  is an essential component of the right to trial by jury, a right that "is fundamental to the American scheme of justice." Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). Given the importance of the right and the grievousness of the error, I would opt for automatic reversal as the only remedy which will surely deter such conduct in the future. Cf. Peri v. State, 426 So.2d 1021 (Fla. 3d DCA 1983).
In this Court, the principle that trial judges cannot limit the use of peremptory challenges by restricting or preventing "backstriking" has been clearly established. Jackson v. State, 464 So.2d 1181 (Fla. 1985); Rivers v. State, 458 So.2d 762, 764 (Fla. 1984); and Jones v. State, 332 So.2d 615, 619 (Fla. 1976). In Jackson, we explained: "We again emphasize that a party may challenge any juror at any time before the jurors are sworn. A trial judge has no authority to infringe upon a party's right to challenge any juror, either peremptorily or for cause, prior to the time the jury is sworn." 464 So.2d at 1183. What a judge cannot do directly, he should not be able to do indirectly under the auspices of "sound discretion."
As early as 1903, this Court observed that the trial court's control of the jury selection process could be fairly balanced with the full exercise of the litigants' peremptory challenge rights if the trial court would simply postpone "the swearing in chief of the jurors until the full panel is obtained, so as to allow the longest possible time for peremptory challenges." Mathis v. State, 45 Fla. 46, 61, 34 So. 287, 291 (1903). See also King v. State, 125 Fla. 316, 169 So. 747, 748 (1936).
In the recent case of Ter Keurst v. Miami Elevators Co., 486 So.2d 547 (Fla. 1986), we disapproved of a jury selection method which denied a party the right to exercise all of its peremptory challenges. We stated that "[t]he only fair scheme is to allow the parties to exercise their challenges singularly, alternately, and orally so that, before a party exercises a peremptory challenge, he has before him the full panel from which the challenge is to be made." Id. at 549. This is not only the "better practice" but should be the rule.
Accordingly, we approve the decision of the court below, and hold that absent exceptional circumstances, a trial judge may not selectively swear individual jurors prior to the opportunity of counsel to view as a whole the entire panel from which challenges are to be made. We encourage trial courts to continue to explore new ways of increasing trial court efficiency, but the method employed here, absent an exceptional circumstance, cannot be used to defeat a litigant's right to view the panel as a whole in order to use his peremptory challenges intelligently and effectively.
We do not believe this decision to be such a change in the law as to warrant retroactivity. See State v. Neil, 457 So.2d 481 (Fla. 1984). Thus, our holding today will not apply to completed cases, but will apply to any cases presently in the appellate process in which proper objection was made. See State v. Jones, 485 So.2d 1283 (Fla. 1986).
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents.