SCHOONOVER, Judge.
Appellant, Kenneth Griffin, appeals from a judgment and sentence entered pursuant to a jury verdict finding him guilty of battery of a law enforcement officer. We affirm.
The sole issue on this appeal is whether the trial court committed reversible error during the jury selection process. Although we find that the trial court’s actions during the jury selection process were improper, we do not find on the facts of this case that the trial court committed reversible error.
Appellant, charged with two counts of battery of a law enforcement officer, went to trial with two other defendants.' During voir dire examination of prospective jurors, the court stated that it would not allow any further back striking of jurors. From that time forward, after the parties had an opportunity to question prospective jurors, if they were not challenged, they were individually sworn. The attorneys, consequently, could not back strike them. At the conclusion of the trial, the jury returned a verdict finding appellant not guilty of one of the charges of battery of a law enforcement officer and guilty of the other. He was sentenced within the guidelines to serve four and one-half years in the state prison. This appeal timely followed.
Florida Rule of Criminal Procedure 3.310 provides that a party may challenge an individual juror at any time before he is sworn to try the cause. By swearing in the jurors individually before they were accepted as an entire panel, the trial court improperly restricted the right of the appellant to consider the jury panel as a whole when exercising his peremptory challenges.
In Bocanegra v. State, 303 So.2d 429 (Fla. 2d DCA 1974), cert. dismissed, 308 So.2d 111 (Fla.1975), this court held that although the better practice is to postpone the swearing in chief of the jurors until the full panel is obtained, absent a showing of abuse of discretion, it is not error to swear the jurors individually rather than as a complete jury. In Tedder v. Video Electronics, Inc., 491 So.2d 533 (Fla. 1986), the supreme court, however, stated that the only fair scheme in the handling of jury selection is to allow the parties to exercise their challenges singularly, alternately, and orally so that, before a party exercises a peremptory challenge, he has *1352 before him the full panel from which the challenge is to be made. The court then went on to say that this is not only the better practice but should be the rule. The Tedder court, accordingly, established the rule that absent exceptional circumstances a trial judge may not selectively swear individual jurors prior to the opportunity of counsel to view as a whole the entire panel from which challenges are to be made.
This newly established rule, however, does not benefit appellant in this case because the Tedder court did not eliminate a party's responsibility for properly preserving this issue for appeal. Not only did the appellant here fail to object to the procedure invoked by the trial court, he also did not attempt to exercise a challenge on any juror after that juror was sworn to try the cause. In Rivers v. State, 458 So.2d 762 (Fla.1984), cited by the court in Tedder, the court held that although the trial court had erred by requiring the parties to accept any prospective jurors not challenged at the first opportunity, the issue had not been properly preserved for appeal, because defense counsel, as in this case, did not subsequently attempt to back strike any prospective juror. See also, Johnston v. State, 497 So.2d 863 (Fla.1986).
AFFIRMED.
SCHEB, A.C.J., and FRANK, J., concur.