786 So.2d 1282 (2001)
Joanna I. PEACHER, Appellant,
v.
Mildred Shachtman COHN, Appellee.
No. 5D00-828.
District Court of Appeal of Florida, Fifth District.
June 22, 2001.
*1283 Thomas P. Hockman of Law Offices of Hockman, Hockman & Hockman, Winter Park, for Appellant.
Jamie Billotte Moses and Philip Turner King, Jr., of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, Orlando, for Appellee.
PLEUS, J.
The main issue in this case is whether the refusal of the trial judge to allow a third and final peremptory challenge by way of a back strike prior to swearing the jury is reversible error per se. The defendant, while conceding it was error, argues it was harmless error because the plaintiff won on the issue of liability when the jury ruled in her favor. We agree with the plaintiffs claim that it was reversible error per se.
After a five-day jury trial, the plaintiff received a $3,150 verdict arising out of a low speed, minimal impact accident. The main dispute for the jury was whether the alleged injuries were related to the accident and whether her injuries were permanent.
As a result of certain collateral sources stipulated to, and the defendant's $20,000 offer of judgment, a final judgment in favor of the defendant was entered in the amount of $18,365, mainly representing the defendant's costs and attorney's fees.
The process by which the jury was empaneled is worthy of discussion. The first juror was selected with no objection. Plaintiff used her first peremptory on the second juror. The third and fourth were selected without opposition. The fifth and sixth were stricken by the defendant. The seventh was admitted without objection and the eighth juror was the defendant's third strike. At this point, four jurors had been selected with the plaintiff having two strikes left and the defendant none. Plaintiff did not initially strike number nine. Juror ten, the juror plaintiff claims should have been stricken, was not challenged for cause or as a peremptory. Before alternative selections began, the court asked if plaintiff challenged the six picked at that point. She then perempted nine and made no mention of ten. Plaintiff moved for cause on number eleven and defendant agreed. Juror twelve became the sixth juror. The judge asked if the attorneys were satisfied and no objection was made. They moved on to selection of an alternate. Juror 13 was stricken by the defendant. At this point, the plaintiff attempted to exercise a strike on juror ten. Counsel for the defendant made an erroneous and misleading argument that once the court began to consider alternates, the third peremptory could not be used. Apparently, based on that argument, the court denied the request. Juror fourteen became the alternate and the trial proceeded.
In Gilliam v. State, 514 So.2d 1098,1099 (Fla.1987), the Florida Supreme Court reiterated that a trial judge cannot infringe upon a party's right to challenge any juror, whether for cause or peremptorily, prior to the time the jury is sworn and further stated that the "denial of this right is per se reversible error." While Gilliam was a criminal case and we have *1284 found no civil case similarly proclaiming such an error to be per se reversible, we see no reason to not apply the same rule in the civil arena. Florida Rule of Criminal Procedure 3.310 provides that either party can challenge a juror before the juror is sworn to hear the cause. Florida Rule of Civil Procedure 1.431(f) similarly prohibits the swearing of a jury until "the jury has been accepted by the parties or until all challenges have been exhausted." The harmless error analysis suggested by the defendant is impractical to apply; one can hardly determine whether a jury, minus the challenged juror and replaced by another, would have acted more in the plaintiff's favor. We conclude that the right to exercise peremptory challenges is a fundamental part of a right to a fair trial and that the denial of that right should be treated as reversible error and the cause remanded for a new trial. See Padovano, Judge Phillip J., Florida Civil Practice, § 17.4 (2000 ed.).
In ordering this cause to be remanded for a new trial based on the above, we need not reach the second issue raised on appeal: whether the trial court erred in denying plaintiff's motion in limine to exclude from evidence the fact that the defendant's accident reconstruction expert spent six and one-half years as a prisoner of war in Vietnam in the late 1960's and early seventies. We note, however, that short of an "opening the door" comment or question by plaintiff's counsel, there is no reason for the jury to hear this evidence. See, e.g., Ruiz v. State, 743 So.2d 1 (Fla. 1999) (error for prosecutor to attempt to gain jury's sympathy by discussing in closing argument her heroic and dutiful father). Defense counsel's argument, that it needed to fill in this time gap on its expert's resume, was answered by plaintiffs offer of having the jury told that, during this period, the expert was a pilot in the United States Air Force or simply that he was in the Air Force. On remand, unless plaintiffs counsel opens the door for the evidence of this expert's POW status to come in, this evidence, as requested in the limine motion, should not be presented to the jury.
REVERSED and REMANDED.
THOMPSON, C.J., and COBB, J., concur.