DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHANIE AQUILA,** individually and as parent, natural guardian and
next friend of **MACKENZIE AQUILA,** a minor child,
Appellant,

v.

**BRISK TRANSPORTATION, L.P., STEVEN MELANCON, JOHN
VIDOUREK, KENNETH FAHY, JOHN FAHY,** and **KATHLEEN FAHY,**
Appellees.

No. 4D12-4498

[July 29, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Patti Englander Henning, Judge; L.T. Case No. 06-16601
CACE.

Jeanne C. Brady and Frank R. Brady of Brady & Brady, P.A., Boca
Raton, and Arvid J. Peterson, III, Boca Raton, for appellant.

Andrea Caro of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, H. Lane
Young of Hawkins Parnell Thackston & Young, LLP, Atlanta, Georgia, and
Robert B. Gilbreath of Hawkins Parnell Thackston & Young, LLP, Dallas,
Texas, for appellees Brisk Transportation, L.P. and Steven Melancon.

William M. Martin of Peterson Bernard, Fort Lauderdale, for appellee
John Vidourek.

WARNER, J.

Stephanie Aquila, individually and as mother and guardian of her
minor child, appeals from a jury verdict finding of no liability against any
of the defendants in a suit for personal injuries in a multi-vehicle crash
which paralyzed the child and severely injured the mother. She raises
multiple claims of error which were not preserved for appellate review. The
only properly preserved claim involved a defendant which has
subsequently settled, and the issue is now moot. We write, however, to

address an issue of backstriking in jury selection, because, although it was error, the plaintiff's counsel failed to preserve the issue.[1]

During jury selection, the parties tentatively accepted six jurors, with further selection of alternates. The court dismissed the twenty-three other potential jurors. Before the six jurors were sworn, one of them indicated that he could not serve because of interference with a pre-paid vacation. The court dismissed that juror. The defense counsel then moved for mistrial because the dynamics of the jury had changed. The parties and the judge discussed several ways to remedy the problem. They centered on moving the first proposed alternate into the jury panel, but when both plaintiff and defendant wanted the right to backstrike jurors, the court adamantly refused to allow any backstriking. After a recess, appellant insisted on the right to backstrike, without naming any particular juror on the selected panel that was subject to backstriking after moving the alternate onto the jury panel. Although one of the parties had moved for a mistrial, plaintiff's counsel did not agree to a mistrial but continued to insist on the right to backstrike as jury selection continued. The court denied the backstriking and then swore in the five selected jurors, with plaintiff's counsel noting his objection to the denial of backstriking.

Jury selection continued for the rest of the day. At the end, the parties selected two additional alternates, with the first alternate moving into the jury panel. The plaintiff's counsel did not request to backstrike a member of the panel that had been sworn. He accepted the jury without mentioning his prior objection to the disallowance of backstriking.

Although the trial court erred in refusing to allow backstriking of the panel originally selected, the issue is not preserved. In *Tedder v. Video Electronics, Inc.*, 491 So. 2d 533 (Fla. 1986), the supreme court clearly held that the right to the unfettered exercise of a peremptory challenge includes *the right to view the panel as a whole before the jury was sworn*. "[A] trial judge may not selectively swear individual jurors *prior* to the opportunity of counsel to view as a whole the entire panel from which challenges are

---

[1] The electronic record in this case consists of over 16,000 pages. This is because the appellant's directions to the clerk required the inclusion of *every* docket entry. Not only is this very expensive to the party, it makes it difficult for this court to review. Electronic documents are not segmented into volumes, and scrolling through notices of hearings, notices of depositions, subpoenas and the like is frustrating and counterproductive to a careful review by this court. We would request that all parties be *intentional* in the creation of the record on appeal and provide only those documents *essential* to the review of the issues which they expect to raise.

to be made." *Id.* at 535. *See also Lottimer v. N. Broward Hosp. Dist.*, 889 So. 2d 165, 167 (Fla. 4th DCA 2004) (a party may exercise an unused peremptory challenge at any time prior to the jury being sworn; this is so even if the main panel has been accepted, the parties are selecting alternates, and one party chooses to exercise an unused peremptory to a juror on the main panel).

But *Tedder* also provides how the error must be preserved. There, a trial court had sworn in four jurors and had prohibited backstriking, much like the trial court did in this case. In that case, however, counsel had not only voiced an objection but also sought to backstrike one of the sworn jurors. The supreme court found that the issue was preserved:

> Respondents preserved the issue on appeal by appropriate objections at trial and by the attempted use of their last peremptory challenge on one of the sworn jurors. By attempting to backstrike and not being allowed to use their peremptory challenge to do so, respondents have shown prejudice and the point has been properly preserved for appeal.

*Tedder*, 491 So. 2d at 534. The purpose of requiring the opponent of the prohibition of backstriking to identify a juror on the panel upon which an available peremptory challenge would have been used, had backstriking been allowed, is to alert the trial court that the party is not satisfied with the panel as it stands. This requirement is similar to the preservation requirement for the improper denial of a challenge for cause, in which the defendant must not only exhaust all of his peremptory challenges and request additional peremptories, but also identify a specific juror on the prospective panel on whom a peremptory challenge would have been exercised, if allowed. *See Trotter v. State*, 576 So. 2d 691, 693 (Fla. 1990). The reason is simple: unless the trial court is advised that there is still an objectionable juror on the panel, the trial court has the right to assume that by accepting the jury, the party is satisfied with the panel members.

Here, after an additional three hours of jury selection, the plaintiff's attorney voiced no further objection to any of the jurors and accepted the jury. Therefore, the trial court, and we, can assume that he was satisfied with the panel members. Consequently, the issue was not preserved.

*Affirmed.*

GROSS and CONNER, JJ., concur.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*