MILLS, Judge.
A jury convicted Bell of aiding, abetting or otherwise procuring as a principal in the first degree, the commission of a robbery. The trial court sentenced him to life imprisonment. He appeals the judgment of conviction contending the court erred in denying his motion for discharge under the speedy trial rule, erred in permitting the State to cross examine him on his silence at the time of his arrest, and erred in refusing to give his requested jury instructions on lesser included offenses.
*1325 Bell’s privately retained attorney filed a demand for speedy trial on 5 April 1976. The court had previously set the trial for 19 May. On 13 May, Bell’s attorney filed a motion to withdraw as Bell’s attorney because of a serious conflict of interest and ethical problem. The motion was heard and the attorney was permitted to withdraw. Although the State announced that it was ready for trial on 19 May, Bell was not because he had no attorney. Under these circumstances, the court required Bell to sign a waiver of speedy trial and it entered an order continuing the trial. Upon retaining new counsel a month later, Bell immediately filed a motion for discharge under the speedy trial rule. Following a hearing, the motion was denied. We affirm on this point.
Under the circumstances here, Bell could not have gone to trial on 19 May because he did not have an attorney and did not agree to waive an attorney. This was not caused by the State nor the court, but by actions of the law firm of which Bell’s attorney was a member. These were exceptional circumstances which support the court’s order of continuance under the provisions of Fla.R. Crim.P. 3.191(f). State ex rel. Gentry v. Fitzpatrick, 327 So.2d 46 (Fla. 1st DCA 1976).
We have reservations about the validity of the waiver of speedy trial signed by Bell at the request of the court, however, it is of no consequence to our decision which is based on the valid order of continuance entered by the court.
The State attempted to cross examine Bell concerning his refusal to talk to the sheriff about the robbery. Bell’s attorney timely objected and the court sustained the objection. The State abandoned this line of examination and then commenced cross examination as to when Bell’s Miranda rights were given to him. Bell’s attorney again objected but was overruled. However, because Bell answered that he did not remember when his Miranda rights were given, the State did not pursue this line of examination further.
There are decisions holding that interrogation of a witness regarding the silence of a defendant without objection is not necessarily error. Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976). There are decisions holding that such circumstances constitute fundamental error. Collins v. State, 340 So.2d 516 (Fla. 4th DCA 1976). There are decisions holding that such interrogation regarding silence where an objection is overruled or motion for mistrial is denied is fundamental error. Bennett v. State, 316 So.2d 41 (Fla.1975). There appear to be no decisions where an objection is sustained where a defendant is being examined. We hold under the facts of this case that where a timely objection was made and sustained and the defendant otherwise received a fair trial, with the exception of the point on which we reverse, no error was committed.
Bell requested the court to instruct the jury on the lesser included offenses of larceny and battery. The court refused to give the requested instructions. The failure to instruct on lesser included offenses constitutes error. The harmless error doctrine may not be invoked. The failure to give the requested instructions is prejudicial error and is per se reversible. Lomax v. State, 345 So.2d 719 (Fla.1977); Hammer v. State, 343 So.2d 856 (Fla. 1st DCA 1976). We reverse on this point.
We affirm in part, reverse in part, and remand this case for a new trial.
McCORD, C. J., and BOYER, J., concur.