RAWLINS, ROBERT W., JR., Associate Judge.
Appellant, Lyle Wolf Palmer, appeals his conviction after a jury trial, of sexual battery, robbery, and possession of a firearm by a convicted felon. Palmer contends that the trial court should have granted him a continuance until the public defender who had represented him prior to trial could be present for the trial or, in the alternative, that the court should have allowed him to represent himself. We hold that under the circumstances it was an abuse of discretion for the court to refuse to grant a continuance. We reverse.
On the morning of Palmer’s trial, Assistant Public Defender Larry Roberts moved for continuance on the ground that the regularly assigned attorney, Ellen Hoffen-berg, was unexpectedly ill and unable to appear. Roberts stated that because of change of policy in the Public Defender’s office, Ms. Hoffenberg had spent three weeks prior to trial preparing arguments and cross-examination and that he, Roberts, was unprepared to handle the trial. The prosecutor responded that Roberts had taken depositions, prepared the pretrial motions, and had represented several months earlier that he was prepared for trial. The court commented that the case did not appear to be complex, that Roberts knew the facts and the applicable law and that his only role would be to cross-examine the witnesses. The court gave Roberts until noon to obtain the file and communicate with Ms. Hoffenberg. When court reconvened at 12:30 p. m., Roberts reiterated that he was not prepared to go forward with the trial, that appellant did not want Roberts to represent him, and that Roberts was not competent to do so. The court again denied Roberts’ motion for continuance. After a short recess, Roberts informed the court that appellant wished to make a statement for the record to object to going to trial. The court denied this request. Roberts participated in voir dire and after the jury was selected, he repeated appellant’s request to address the court. Following preliminary instructions to the jury, Roberts informed the court that he would not make an opening statement and the court replied that Roberts would be given an opportunity to participate in the trial. Roberts stated that appellant wished to represent himself and was prepared to go forward on the case. The court responded, “We have competent lawyers in this case” and that the matter would proceed. The court made no further inquiry into appellant’s request to represent himself.
Following the prosecutor’s opening statement, Roberts reiterated his motion for continuance, which the court denied. The court then granted appellant’s request to make a statement. The following dialogue ensued:
MR. ROBERTS: Your Honor, may it please the Court, he would requést an opportunity to speak to the Court about his defense as it relates to the Court, basically what I previously said.
THE COURT: You may speak.
For the record, you are Lyle Wolf Palmer?
THE DEFENDANT: Yes, Your Hon- or. I am charged with a crime that can send me to prison for a total of seven consecutive lifetimes. I am represented today by counsel that is totally unprepared to defend me. I have a counsel that is prepared to defend me but she is inadvertently sick today and could not come to court.
This trial has been put off twice by the State Attorney’s office in order for them to prepare their case. I feel I should have the right to prepare my defense also.
THE COURT: Thank you, Mr. Palmer.
The Court has been informed Mr. Roberts has been involved in this trial and has taken practically all of the depositions. Mr. Roberts is experienced counsel. The office of the Public Defender has experienced counsel and, if necessary, Mr. Sam Hillman, and Mr. Rondolino have been available in the halls and I notice they are available, to assist you, and the Court sees nothing in this case so far that is so complicated present counsel can not handle the matter.
*478 I will deny the motion now and we will proceed.
During the course of the trial the State presented testimony from 14 witnesses. Roberts declined to cross-examine any of the witnesses and at the end of the first day at trial, renewed all prior motions. All motions were again denied.
On the second morning of the trial Assistant Public Defender Rondolino informed the court that Ms. Hoffenberg remained unable to appear on behalf of appellant. The court restated the opinion that the case was not complex and that there was adequate competent counsel available. After the State rested its case, Roberts declined to make any motions and announced that the defense rested without producing any evidence. In chambers, the court advised appellant that he had a right to testify or not to testify and suggested that he discuss the matter with Roberts. After a conference, Roberts declined to reopen the case and stated that the defense did not request any specific jury instructions. Roberts also refused to present any closing argument to the jury.
Following the jury verdict, Roberts moved for a new trial on the ground that the court erred by failing to grant a continuance so that Ms. Hoffenberg could be present. The court found that adequate counsel was available, that Roberts had taken depositions and was familiar with the case, and that the trial was fairly conducted.
At the sentencing hearing, Ms. Hoffen-berg argued that sentence should not be imposed because appellant had been deprived of effective representation of counsel. The court found that appellant had failed to avail himself of counsel provided and that no legal cause had been shown why sentence should not be pronounced.
We believe the court was justified in denying appellant’s first and second requests for a continuance because at that time it could properly have assumed that, despite Roberts’ disagreement with the ruling, he would represent appellant to the best of his ability. After all, Roberts was involved in the preparation of the case and the court granted him additional time to communicate with Ms. Hoffenberg and his client to become updated. Therefore, we find no abuse in the judge’s exercise of discretion which resulted in denial of these two motions for continuance.
However, after stating that he was unprepared to make an opening statement, Roberts made his third request for a continuance. At this point the problem of affording appellant effective counsel took on a different complexion for then it was becoming obvious that Roberts did not intend to represent appellant.
Denial of a motion for a continuance is, of course, within the sound discretion of the court. Riggins v. State, 283 So.2d 878 (Fla. 1st DCA 1973). While initially the trial court -was correct in denying appellant’s motions, we think'it was an abuse of discretion not to grant a continuance once it became apparent that appellant would not be adequately represented. When appellant was declared insolvent, the state was obligated to furnish him with counsel. Yet by proceeding further under these unique circumstances, appellant was deprived of effective legal representation.[1]
In view of our decision, it is unnecessary to reach appellant’s contention that he should have been permitted to represent himself. We reverse the judgment and sentence entered against appellant and remand this cause with directions for the trial court to grant appellant a new trial.
GRIMES, C. J., and SCHEB, J., concur.

. While, as a result of this appeal, the net effect of Mr. Roberts’ conduct was to obtain a continuance after all, we trust that the bench and the bar will not view this as an acceptable means of securing postponements. We do not further comment on the propriety of Mr. Roberts’ actions only because the matter is not before us.