OTT, Judge.
Appellant was convicted of attempted burglary and possession of burglary tools. We reverse the conviction as to both counts and order a new trial.
Appellant retained a Chicago attorney to represent him and, as required by Florida law, associated Mr. Gregg, a member of the Florida Bar. Trial was scheduled for March 27, 1979. Gregg appeared on that date and moved the court to permit him to withdraw, on the grounds that he had been unable to obtain any cooperation from the Chicago chief counsel and therefore had been unable to participate in the development of a defense. The court signed an order permitting Gregg to withdraw and trial was continued until April 3rd.
At the new time set for trial Gregg again appeared, as a personal favor to appellant, and requested a continuance because appellant had just fired his Chicago attorney for failure to prepare for trial, and needed time to obtain new counsel. The court denied a continuance and instead informed Gregg that his motion to withdraw, which previously had been granted, had been reconsidered and denied, so that Gregg was now counsel of record for appellant. Gregg, protested that he was totally unprepared for trial and, in addition, was due in another court on another case that morning. The court first ordered him to be ready to start selecting a jury at 9:30 that morning, but later relented and granted a continuance until the next morning so that Gregg would have an opportunity to take the depositions of eight prosecution witnesses. The next morning, having taken the depositions, Gregg again protested that he was unprepared for trial and requested a continuance, which was refused.
We believe that the court abused its discretion in forcing the case to immediate trial. While the court was understandably exasperated by a feeling that it (and probably defense counsel) was being manipulated by a “ring-wise” defendant, nevertheless the court also knew that Gregg had previously withdrawn from the case because he had not been permitted to assist in preparing a defense for the case, and that the out of state chief counsel had now been fired for failing to do so. Thus, on the morning set for trial the court knew that no one had prepared a defense for the accused. Under those circumstances, we believe that the court committed reversible error in ordering the case to trial without affording appellant a reasonable opportunity to prepare his defense. Lightsey v. State, 364 So.2d 72 (Fla.2d DCA 1978); Sumbry v. State, 310 So.2d 445 (Fla.2d DCA 1975).
Appellant also complains about the admission, over his objection, of certain evidence. Following his arrest at the scene of an attempt to break into a closed restaurant, appellant requested the police in writing to impound for safekeeping his automobile which was parked at a nearby motel. An inventory of the vehicle by the police turned up various burglary tools.
Shortly after he was associated into the case, Gregg served the State Attorney with *696 a demand for all statements and other physical evidence intended for use in the trial. The state did not respond. At the trial, the state presented appellant’s written authorization to impound and search his vehicle and also moved the admission into evidence of various tools taken from his person and from his vehicle. Defense objection, on the grounds that the state had failed to give notice of such evidence within 15 days after demand, as required by Rule 3.220, Florida Rules of Criminal Procedure, was denied. The court refused to hold a hearing to determine whether appellant had been prejudiced by the withholding of such information, and instead summarily ordered the various exhibits into evidence.
We think that the court committed prejudicial error in refusing to hold the hearing required by Richardson v. State, 246 So.2d 771 (Fla.1971). Wilcox v. State, 367 So.2d 1020 (Fla.1979).
The judgment is reversed and the case is remanded to the court below for a new trial.
HOBSON, C. J., and RYDER, J., concur.