JOANOS, Judge.
Belated review has been granted in this case pursuant to Ford v. Wainwright, 415 So.2d 76 (Fla. 1st DCA 1982). The judgment revoking appellant’s probation and the sentence are affirmed.
Appellant contends the lower court committed reversible error by denying him a continuance so that he could seek representation by counsel of his choice for the probation revocation proceedings. Originally, an assistant public defender, Rosenblum, was assigned the case and until the Monday before the Thursday revocation hearing, Rosenblum did not know appellant had attempted to retain private counsel to represent him. The day before hearing, appellant was informed the private attorney he had retained would not be able to represent him, and he sought a continuance in order to retain other private counsel. At the hearing on the motion for continuance, the day before the revocation hearing, the judge ascertained that despite the confusion, Rosenblum was not unprepared to represent appellant.
MR. ROSENBLUM: Judge, if I could, I would just like to say that I don’t feel that the total fault lies with Mr. Furman because it was Mr. Furman’s understanding that Mr. Mahon’s office was going to contact me, and they never did that.
Mr. Furman has been under the assumption these last few weeks that Mr. Mahon was representing him.
THE COURT: All right, well, that may very well be, and I — he may very well have, reasonably, to some extent, relied on those representations by Mr. Mahon, but the fact of the matter is, you were not mislead [sic] by that because you didn’t even know about it, and you were assuming that there, indeed, would be a hearing as scheduled for tomorrow.
MR. ROSENBLUM: Yes.
THE COURT: And so, nothing has been indicated to me that you would not be prepared as counsel of record in this case to proceed to hearing on Thursday.
The only thing is that he, apparently, would prefer to be represented by private counsel.
MR. ROSENBLUM: Yes, sir.
The motion for a continuance was denied, although the court told appellant if he were able to employ private counsel by the next morning, that attorney could represent him at the hearing.
The next day at the revocation hearing, a private attorney again moved for a continuance in order to prepare for the hearing. Mr. Rosenblum stated he was not totally prepared to represent appellant because he had just that morning at about 8 a.m. received transcripts of two depositions he had taken three days earlier, and he had not had time to fully digest them. The transcripts were late in arriving because after being informed appellant had retained private counsel, Rosenblum did not order transcripts of the depositions. The revocation hearing took place around 11:25 a.m. with Rosenblum representing appellant, since the second motion for continuance was denied. Rosenblum was not aware of a state’s witness, Officer Wise, because a demand for discovery had not been filed, but the court ascertained that Rosenblum took advantage of a recess to interview Wise.
The lower court assured itself that Ro-senblum was adequately prepared before denying the motions for continuance, and did not abuse its discretion in doing so. Appellant has not shown prejudice due to inadequate representation. See generally United States v. Gray, 565 F.2d 881 (5th Cir.1978) cert. denied 435 U.S. 955, 98 S.Ct. 1587, 55 L.Ed.2d 807 (1978); Bowman v. United States, 409 F.2d 225 (5th Cir.1969) cert. denied 398 U.S. 967, 90 S.Ct. 2183, 26 L.Ed.2d 552 (1970); Tilly v. State, 256 So.2d *765 547 (Fla. 3d DCA 1972). The cases which appellant seeks to analogize to the present case, Meadows v. State, 389 So.2d 694 (Fla. 2d DCA 1980), and Palmer v. State, 380 So.2d 476 (Fla. 2d DCA 1980), are distinguishable.
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.