JOANOS, Judge.
State of Florida (State) appeals the discharge of Sewell from prosecution based upon the lapse of time for a speedy trial. We reverse the order discharging Sewell.
Sewell was arrested on October 29, 1981 and charged with trafficking in more than 10,000 pounds of cannabis. His arrest followed the arrest of five co-defendants in early August, 1981, for the same alleged crime. Initially, trial was set for December 10, 1981, but the State moved successfully for a continuance and unsuccessfully for an extension of the speedy trial period. The trial was rescheduled for February 4, 1982, at which time it was continued to April 22, 1982. At an April 16, 1982 hearing on a motion for discharge of three of Sewell’s co-defendants, it was brought to the court’s attention that Sewell’s attorney, Howard Williams, also representing two other co-defendants, was gravely ill, not expected to recover soon and that Sewell and the other two co-defendants, also represented by Williams, should be notified to appear. The court ordered that Sewell and the two co-defendants appear on April 22, 1982. On April 19, 1982, attorney L. Sanford Selvey, 11, acting for Howard Williams, successfully moved for a continuance on behalf of Se-well and the two co-defendants. On April 22, 1982, Sewell and the two co-defendants appeared without counsel before Judge Co-oksey, stating that they were at that time represented by Howard Williams, and that they had been advised to get another attorney, but had not done so. Judge Cooksey inquired as to the status of the speedy trial period and was informed by an assistant state attorney that Mr. Williams had moved for a continuance, constituting a waiver of speedy trial. The case was tentatively reset for June 23, 1982, with Judge Cooksey telling Sewell and the co-defendants to confer with other counsel. On June 23, 1982, Se-well remained unrepresented, claiming he could not afford an attorney. The Public Defender was appointed and the case was continued until July 26, 1982. On July 23, 1982, Sewell moved for discharge, claiming that the speedy trial period for his October 29, 1981 arrest had expired on April 27, 1982, that the delay was attributable to the State, that he was continuously available for trial and that the delay was not attrib *922 utable to him or his co-defendants. On September 1, 1982, at a hearing on the motion for discharge, Assistant State Attorney Antonacci argued that Sewell’s arrest on October 29, 1981 made his speedy trial date later than the other defendants, who were arrested in early August, 1981, and considering the motion for continuance filed by Mr. Selvey on Mr. Williams’ behalf was within the speedy trial period and Mr. Williams was not prepared to go to trial at any time, there was a waiver of speedy trial chargeable against Sewell and the State could not be charged with Mr. Williams’ inability to go to trial. Initially, the trial court denied Sewell’s motion, but upon his request to reserve ruling to enable him to prepare a memorandum, ruling was withheld. On October 8, 1982, Sewell was discharged from prosecution.
Upon review of the record, we find it is undisputed that Sewell’s counsel, Mr. Williams, was gravely ill and that he was not ready for trial. There is no indication that Sewell requested new counsel and Mr. Williams had not been relieved. These circumstances cannot be characterized as state action which caused Sewell’s trial to be continued past his speedy trial date. See Bell v. State, 360 So.2d 1324 (Fla. 1st DCA 1978), cert. dismissed 366 So.2d 879 (Fla.1978).
When Sewell or his counsel, Mr. Williams, was not ready for trial on April 22, 1982, Sewell was then unavailable for trial and would not be entitled to discharge. Fla.R. Crim.P. 3.191(e)(2). Additionally, if the trial court had not granted a continuance, given Sewell’s circumstances of being without effective representation because of his counsel’s illness, it would have constituted error. See Meadows v. State, 389 So.2d 694 (Fla. 2nd DCA 1980).
Absent action which could be charged against the State for prolonging Sewell’s speedy trial time beyond the 180-days limit and given Sewell’s obvious unpreparedness for trial, Sewell could not be discharged from prosecution. Accordingly, the order discharging Sewell from prosecution is REVERSED and the cause is REMANDED for further proceedings consistent with this opinion.
LARRY G. SMITH and NIMMONS, JJ., concur.