464 So.2d 1181 (1985)
Douglas Marshall JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 63043.
Supreme Court of Florida.
January 31, 1985.
Rehearing Denied April 4, 1985.
Michael D. Gelety, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant, Douglas Marshall Jackson, appeals his multiple convictions of first-degree murder and the imposition of the death penalty for those convictions. We have jurisdiction, article V, section 3(b)(1), Florida Constitution. For the reasons expressed, we find that under the peculiar circumstances of this case, the trial court erroneously denied a defense motion for continuance and required appellant to go to trial with counsel who, because of his physical condition, was not able to effectively represent appellant in this death case. For this reason, we reverse for a new trial.
The facts of this case, with regard to this dispositive issue, are as follows. Appellant's counsel, an attorney in private practice, was retained by appellant's parents to represent appellant in the trial of this cause. Newly-appointed counsel represents appellant in this appeal. The trial was originally scheduled for August 17, *1182 1981. Six days before the trial, counsel for appellant filed a motion for continuance based upon unresolved issues concerning the charging documents, incomplete discovery and investigation, and the general inability of defense counsel to adequately prepare a defense before the scheduled beginning of the trial. The trial court granted this motion and the trial was rescheduled for October 19, 1981. On October 14, 1981, counsel for appellant filed another motion for continuance. This motion was based primarily on the adverse effect of medication prescribed for appellant's counsel because of a recent head injury. The motion alleged that trial counsel suffered a head injury on August 17, 1981, for which medication had been prescribed. It was further alleged that the medication caused the side effects of slurred speech and drowsiness, and that these temporary side effects could impair the effectiveness of his representation of the appellant before the jury. At the hearing on this motion, the state acknowledged that it was aware of defense counsel's injury and deferred to the trial judge's discretion with regard to the motion. The trial judge denied the motion upon his belief that defense counsel was adequately articulating matters then before the court for resolution.
During the course of the jury selection and during the trial itself, defense counsel made several references to his medical problems and how they were adversely affecting his performance. At one point during the proceedings, counsel made an oral motion to withdraw based upon his inability to effectively assist his client. The trial court denied this motion.
The issue of counsel's ability to effectively assist appellant was again raised in a post-conviction motion for new trial, which was filed on November 6, 1981, but which was not heard by the trial court until December 2, 1982. The motion was supplemented with an affidavit from his treating physician which stated that counsel had been treated prior to trial for a head wound and high blood pressure and that, at the time of the trial, he was on medication which had the known side effects of slurred speech and drowsiness. The physician also stated in the affidavit that, three months after the trial, he had certified that counsel should not be involved in trials for ninety days. The trial judge denied the motion for a new trial.
We recognize that the decision to grant or deny a motion for continuance is within the discretion of the trial court and that, when such a motion is denied, it may be reversed on appeal only when there has been a showing that the trial judge abused his discretion. Williams v. State, 438 So.2d 781 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1617, 80 L.Ed.2d 146 (1984); Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); Magill v. State, 386 So.2d 1188 (Fla. 1980), cert. denied, 450 U.S. 927, 101 S.Ct. 1384, 67 L.Ed.2d 359 (1981); Cooper v. State, 336 So.2d 1133 (Fla. 1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977). The law is also clear, however, that when the unrefuted facts establish that the physical condition of a trial attorney prevents the attorney from adequately representing his client, the failure to grant a continuance is reversible error. See Thompson v. General Motors Corp., 439 So.2d 1012 (Fla. 2d DCA 1983); Palmer v. State, 380 So.2d 476 (Fla. 2d DCA 1980); Diaz v. Diaz, 258 So.2d 37 (Fla. 3d DCA 1972); see also Courtney v. Central Trust Co., 112 Fla. 298, 150 So. 276 (1933)(serious illness of attorney's wife). The record in this case is unrefuted that defense counsel suffered a head injury prior to trial and was taking medication that caused drowsiness and dizziness. In addition, his physician subsequently indicated that counsel should not be involved in trial work while recovering from this condition.
We realize that, in most circumstances, the trial court should be restrictive in granting motions for continuances and must always be watchful that counsel is *1183 not manipulating or improperly delaying the judicial process. Given the unrefuted facts in this record, however, we hold that a continuance was required and, accordingly, we reverse appellant's convictions and remand for a new trial.
Although not required to do so in light of our disposition of this case on the appellant's first issue, we deem it appropriate to briefly address the refusal of the trial court to permit the backstriking of jurors during jury selection. In this cause, the trial judge stated during voir dire, "There is not going to be any backstrikes; do you understand that?" and "I want to be sure there are no more backstrikes on either side." We recently addressed this issue in Rivers v. State, 458 So.2d 762 Fla. 1984), in which we reaffirmed the right of a defendant to challenge any juror peremptorily before the jury is sworn. This principle of law was adopted by this Court more than one hundred years ago in O'Connor v. State, 9 Fla. 215 (1860), in which this Court stated:
[I]f the prisoner, at any time before any juror was or jurors were sworn, had retracted his election of such juror or jurors and expressed his desire to challenge him or them, it was his right to do so until the whole of his peremptory challenges were exhausted.
Id. at 229. See also Jones v. State, 332 So.2d 615 (Fla. 1976). We again emphasize that a party may challenge any juror at any time before the jurors are sworn. A trial judge has no authority to infringe upon a party's right to challenge any juror, either peremptorily or for cause, prior to the time the jury is sworn.
For the reasons expressed, we find that we must reverse appellant's convictions and remand for a new trial.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.