## SHIRES v STATE OF FLORIDA
## Case No. 88-36AC10 (County Court Case No. 87-025360MM10)
Seventeenth Judicial Circuit, Broward County

February 13, 1990

### APPEARANCES OF COUNSEL

**Victor Tobin, Esquire,** for appellant.

**Carolyn V. McCann, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

THOMAS M. COKER, Circuit Judge.

THIS CAUSE comes before the Court upon the appeal of a conviction entered against Appellant, Nathan J. Shires. Appellant was charged by Information on October 25, 1987 with driving under the influence of an alcoholic beverage in violation of Fla. Stat. 316.193(1) and driving while license was revoked or suspended, in violation of Fla. Stat. 322.34. The case was tried on January 25, 1988. The Defendant

was convicted of driving while under the influence of an alcoholic beverage. The second count was dismissed. This appeal followed.

## I. FACTS

Trial of this case was set to commence on December 30, 1987. On December 7, 1987, counsel for Defendant filed a motion for a continuance on the ground that he would be out of town on vacation from December 25, 1987 until January 2, 1988. The trial court granted Counsel's motion and reset the case for January 18, 1988.

On Friday, January 22, 1988, the case was called for trial. On that date, counsel appeared and requested another continuance based on the grounds that discovery had come in while he was on vacation, that he had not gotten the deposition of the trooper typed, that he had not looked at the file and he was trying another case in front of another Judge. Counsel informed the Judge that the case could be tried in one afternoon. Based on this information, the case was reset to Monday, January 25, 1988 at 2:00 P.M.

On Monday, January 25, 1988, at 2:00 P.M., counsel for Defendant appeared and informed the court that he had been before Judge Moe on an unrelated case since 8:30 A.M. and had been ordered by Judge Moe to take the co-defendants depositions. He also informed the court that the trial before Judge Moe would commence on January 26, 1988, in the A.M. (RII-8). Counsel stated that he was not prepared to pick a jury. The Judge informed counsel that she would be out for several weeks and that it was her opinion that the case could be completed by 5:00-6:00 P.M., on that day.

Counsel protested that he would be trying two cases at once and that there were other things he needed to investigate. (RII-10).

Voir Dire commenced and counsel for Defendant continued to protest going to trial at that time. Prior to concluding Voir Dire, counsel stated to the court that he was "running out of gas." (RII-44). When asked by the court if he had any kind of physical problems, counsel responded, as follows:

Counsel: Yes, I'm an old man. I've been doing this for fifteen years. I don't work all hours of the day. I'm killing myself. I have been involved in other trials . . . but I'm in a situation where I can't even concentrate on what's going on here . . . I'm not going to be able to try this case. (RII-45).

Counsel: I'm putting on the record that I cannot concentrate. I'm going to attempt to work as long as the Court tells me to

work and that's it. And I'm not going to make it, and I am making an issue of it. I am exhausted. I am mentally exhausted. I cannot concentrate on a trial of record, but if the Court ordered me to work, I wouldn't object. (RII-47). (Later corrected to "I would object")

After completing voir dire, the court questioned counsel as to how he was feeling and whether it was his preference to not go on. (RII-83).

Counsel: I don't—my preference is—I don't know what to tell the court because I feel like I'm sort of in a box. I don't know if you have a courtroom tomorrow. I don't know if I can do it tomorrow. (RII-83). If we don't get to it tomorrow in the morning, I'm going to keep Judge Moe . . . waiting to start jury selection. (RII-83).

Once again the court asked counsel how he felt. He responded,

Counsel: I feel tired, and as you can see, I'm dry. I'm hoarse. I'm exhausted. That's it." (RII-85).

On January 26, 1988, the trial commenced. At the outset, counsel for defendant stated that "he wished to put some things on the Record." (RIII-104). The Court denied the request and counsel objected. (RIII-104). The following exchange then took place:

Court: I asked you many times yesterday if you had a problem.

Counsel: I had been and the Court did ask me that, to be honest with you, I wasn't thinking, but I have been sick, roughly three weeks. I've been to the doctor, I believe as recently as last week, I am on antibiotic medication, which I feel somewhat weak, and not able to think properly and in answering the question, I am not trying to bait the Court into anything. I informed the Court of my problem. I told the court yesterday, I am in the middle of a trial and the Court insisted on going with this one also.

Court: Mr. Tobin, you are not in the middle of trial. You have not picked a jury yet. (RIII-105, 106).

Court: How do you feel today? (RIII-108).

Counsel: I feel just fine. I do not mean that in a smart way. (RIII-108).

Counsel then made a motion for mistrial which was denied. The trial proceeded and the defendant was convicted.

## II. ISSUE ON APPEAL OF THE CONVICTION

Appellant contends that the trial court erred in "denying appellant's

motion for continuance of the jury trial wherein defense counsel's physical and psychological condition along with his trial schedule precluded him from adequate representation of appellant."

The granting or denial of a motion for continuance is within the sound discretion of the trial court and will not be overturned absent a palpable abuse of discretion. *Echols v State,* 484 So.2d 568 (Fla. 1985); *Williams v State,* 438 So.2d 781 (Fla. 1983), *Jent v State,* 408 So.2d 1024 (Fla. 1981).

The law is also clear, however, that when the unrefuted facts establish that the physical condition of a trial attorney prevents the attorney from adequately representing his client, the failure to grant a continuance is reversible error. *See, Thompson v General Motors Corp.,* 439 So.2d 1012 (Fla. 2d DCA 1983); *Palmer v State,* 380 So.2d 476 (Fla. 2d DCA 1980); *Diaz v Diaz,* 158 So.2d 37 (Fla. 3d DCA 1972).

In the case *sub judice,* attorney for Appellant alleges that he was ill and was unable to properly represent his client. In support of this argument, Counsel relies on *Jackson v State,* 464 So.2d 1181 (Fla. 1985). However, *Jackson* can be distinguished from the instant case. In *Jackson,* it was unrefuted that defense counsel had suffered an injury and was on medication which could produce side effects. In the instant case, as evidenced by the Record, two continuances were granted and defense counsel's request for a third continuance was denied. The court inquired on numerous occasions as to Mr. Tobin's health. Mr. Tobin provided either vague or general answers and did not indicate that he had been ill until after a jury had been selected, the trial had commenced and every other reason for not going to trial had been denied. Further, even after indicating that he had been ill, when asked how he felt at that time, counsel stated "I feel just fine. I do not mean that in a smart way." (RIII-108).

The second part of the issue presented by counsel for Appellant is that "his trial schedule precluded him from adequate representation of appellant." As indicated in the Record, Appellant had engaged the services of trial counsel from the outset of the case. In requesting a second continuance, counsel informed the court that discovery had come in while he was on vacation; that he needed to get a deposition typed up; that he had not looked at the file and that he was trying another case in front of another judge. The trial court reset the trial date to January 25, 1988.

Counsel indicated he was on vacation from December 25, 1987 until January 2, 1988 and that discovery had come in while he was on

vacation. This indicates that at least 20 days went by without counsel reviewing the record, preparing for trial which he knew was to commence on January 22, 1988, or requesting another continuance in writing, stating his reasons therein.

Given the length of time defense counsel had represented appellant, the knowledge of the facts of the case, the admission by defense counsel that he was preparing for a trafficking case and had not reviewed the file in this case, and the circumstances surrounding appellant's belated efforts to delay the trial, the conclusion is inescapable that most, if not all, of the difficulties experienced by counsel in his last-minute preparation efforts were the product of counsel's own pretrial decisions, rather than an erroneous ruling by the trial court. *Loren v State,* 518 So.2d 342, at 346 (Fla. 1st DCA 1988).

Appellant has failed to demonstrate that the trial court abused its discretion by denying Appellant's eleventh-hour request for a continuance in this case. *Lusk v State,* 446 So.2d 1038 (Fla. 1984).

ACCORDINGLY, the lower court's Decision is AFFIRMED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of February, 1990.