PER CURIAM.
We affirm without any discussion the first two issues raised by appellant in the instant case, but we reverse for new trial on the third issue.
A jury of six persons and one alternate was selected for appellant’s trial on the charge of possession of a firearm by a convicted felon. The defense exercised only two of its peremptory challenges during jury selection, and the jury was dismissed without being sworn. The following day, before the jury was brought in and sworn, defense counsel sought to exercise one of appellant’s remaining peremptory challenges. In response to the State’s argument that the defense previously had accepted the jury and that the State was disadvantaged by the request because the jury pool had been dismissed the previous day, the court denied the defense’s request to exercise an available peremptory challenge.
Florida Rule of Criminal Procedure 3.310 provides that “[t]he state or defendant may challenge an individual prospective juror before the juror is sworn to try the cause.” Accordingly, the trial court’s denial of appellant’s juror challenge in the instant case is per se reversible error. Gilliam v. State, 514 So.2d 1098 (Fla.1987). This court previously has rejected the trial court’s reasoning in the instant case. See Shelby v. State, 301 So.2d 461 (Fla. 1st DCA 1974). The cause is therefore reversed and remanded for new trial.
Affirmed in part and reversed in part.
MINER, ALLEN and MICKLE, JJ., concur.