FILED IN
COURT OF CRIMINAL APPEALS

December 21, 2015

ABEL ACOSTA, CLERK

0478-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/21/2015 12:00:00 AM
Accepted 12/21/2015 8:10:31 AM
ABEL ACOSTA
CLERK

No. 0478-15

# IN THE TEXAS COURT OF CRIMINAL APPEALS
## AT AUSTIN

No. 14-13-00518-CR
In the Court of Appeals for the Fourteenth District of Texas
At Houston

No. 171,4161
In the County Criminal Court at Law Number Two of Harris County, Texas

LISA ANN BARFIELD
*Petitioner*

V.

THE STATE OF TEXAS
*Respondent*

## PETITIONER'S EMERGENCY MOTION FOR A RULE 18 STAY OR RECALL OF MANDATE

STEPHEN D. FOX
TBN 07337250
P.O. Box 312104
New Braunfels, TX 78131
(832) 245-2665
Fox.Stephen2011@gmail.com

APPELLATE ATTORNEY FOR
LISA ANN BARFIELD

1

TO THE TEXAS COURT OF CRIMINAL APPEALS:

COMES NOW, Petitioner, LISA ANN BARFIELD, and presents this her Emergency Motion for a Rule 18 Stay or Recall of Mandate per Tex. R. App. P. 18.2 because Petitioner requires a Stay pending her submission of a Petition for Writ of Certiorari to the U.S. Supreme Court and a Stay to allow the U.S. Supreme Court to consider and rule upon Petitioner's Petition for a Writ of Certiorari. Petitioner is also requesting a Tex. R. App. P. 18.7 recall of mandate for the reasons stated above.

IDENTIFY OF JUDGE, PARTIES, AND COUNSEL

A complete list of the names of all interested parties is provided below so that the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Petitioner:

Lisa Ann Barfield

Appellate Counsel for Petitioner:

Stephen D. Fox
TBN 07337250
P.O. Box 312104
New Braunfels, TX 78131
(832) 245-2665
Fox.Stephen2011@gmail.com

Trial Counsel for Petitioner:

Mark Thiessen
1221 Studewood Street
Houston, TX 77008
(713) 864-9000
FAX (713) 864-9006

Counsel for the State:

Devon Anderson
Harris County District Attorney

Jamie Morrison
Assistant District Attorney – Trial

James Reed
Assistant District Attorney – Trial

Dan McCrory
Assistant District Attorney – Appeal
1201 Franklin Street, Suite 600
Houston, TX 77002
(713) 755-5826
FAX (713) 755-5809

Trial Judge:

Hon. Bill Harmon
Harris County Criminal Court at Law Number Two
1201 Franklin Street
Houston, TX 77002

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES, AND COUNSEL................................2-3

TABLE OF CONTENTS........................................................4

STATEMENT OF THE CASE....................................................4-5

QUESTIONS PENDING PRESENTATION TO FEDERAL JURISDICTION....5-6

QUESTION ONE: Is it an abuse of discretion for a trial court to deny a motion for continuance where trial counsel put the trial court on notice that he was unable to render effective assistance at trial because he had been physically injured and was under the influence of pain medication; and, therefore, trial counsel did make critical trial errors at trial because of his head injury?

Do all of trial counsel's and the trial court's errors constitute "cumulative error" sufficient to require a reversal of Petitioner's conviction and remand for a new trial?

ARGUMENTS AND AUTHORITIES................................................6

PRAYER FOR RELIEF.......................................................11-12

CERTIFICATE OF SERVICE...................................................12

APPENDIX.................................................................12

STATEMENT OF THE CASE

On October 19, 2010, Petitioner was charged with driving while intoxicated (DWI). (C.R. at 7). The first trial resulted in a conviction, but a new trial was granted. (C.R. at 8-9, 10-25). The second trial also resulted in a conviction. (C.R. at 189). Punishment was assessed at ninety days confinement in the Harris County Jail and a $1,000 fine, both probated for one year. (C.R. at 201-02). The

Fourteenth Court of Appeals affirmed the trial court's judgment in an opinion dated April 2, 2015. Appendix, Barfield v. State, No. 14-13-00518-CR, 2015 Tex. App. LEXIS 3251 (Tex. App. – Houston [14th Dist.] April 2, 2015).

STATEMENT OF PROCEDURAL HISTORY

The court of appeals issued its opinion on April 2, 2015. Appendix, Barfield v. State, No. 14-13-00518-CR, 2015 Tex. App. LEXIS 3251 (Tex. App. – Houston [14th Dist.] April 2, 2015, pet. denied). Petitioner did not file a Motion for Rehearing.

Petitioner's petitioner for discretionary review was denied on October 14, 2015. The Texas Fourteenth Court of Appeals issued the Mandate on November 20, 2015.

Petitioner intends to file a Petition for Writ of Certiorari with the U.S. Supreme Court; therefore, Petitioner is seeking an Emergency Motion for a Rule 18 Stay or Recall of the Mandate until the U.S. Supreme Court has been able to rule upon Petitioner's Petition for a Writ of Certiorari.

ARGUMENTS AND AUTHORITIES

QUESTION ONE: Is it an abuse of discretion for a trial court to deny a motion for continuance where trial counsel put the trial court on notice that he was unable to render effective assistance at trial because he had been physically injured and was under the influence of pain medication; and, therefore, trial counsel did make critical trial errors at trial because of his head injury?

5

Do all of trial counsel's and the trial court's errors constitute "cumulative error" sufficient to require a reversal of Petitioner's conviction and remand for a new trial?

The Court's decision in this case has created uncertainty and incongruity. In Texas is it against the law to be "under the influence."

Further, the evidence shows "a controlled substance, a drug, a dangerous drug, a combination of those substances, or any substance" caused appellant to not have the normal use of his (her) mental or physical faculties. *Crouse v. State,* 441 S.W. 3d 508, 514 (Tex. App. - Dallas 2014, no pet.)

In fact, the Texas standard of being "Under the Influence" does not require the consumption of alcohol. A person can be under the influence by non-prescription and/or prescription drugs. That defendant appeared to be intoxicated by opiates, and an expert testified that defendant's prescription drugs could impair cognitive ability and central nervous system. *Paschall v. State,* 285 S.W.3d 166, 177-78 (Tex. App.- Fort Worth 2009, pet. ref'd) (holding evidence sufficient to find intoxication based on video of field sobriety tests admitted into evidence); (witnesses' observations of erratic driving, defendant's poor performance on field sobriety tests) . *Crouse,* at 515.

In this case, the Petitioner's attorney admitted prior to trial that he was "Under the Influence." He specifically stated to the trial judge that he was on pain medication. His exact words were, *"I'm feeling light-headed right now. I cannot effectively represent Ms. Barfield. I'm on medication for this injury, on pain medication, and I'm also on cold medication right now cause I'm sick."* He further stated that, *"I'm not ready right now cause I cannot effectively represent my client with these injuries and my sickness."* (RR II 4) The attorney acknowledged that he was unable to function in the manner necessary to perform the job of defending his client at trial at the time that he urged his Motion for Continuance. If counsel had been driving a car at the time that he urged his Motion for Continuance, he could very well have been arrested for "Driving Under the Influence."

Because of his head injury, trial counsel proceeded to make numerous mistakes at trial. These errors and his inability to effectively communicate (slurring of his speech) may not have been individually "harmful;" however, their cumulative effect denied Petitioner a fair trial. At one point, counsel attempt to perfect the record, but failed to do so because the court didn't hear what he was saying (RR II 124). The Record on Appeal cannot show whether counsel failed to bring up additional issues because of his failure to effectively communicate to the court. Counsel failed to object to the admissibility of inadmissible evidence; thus, allowing inadmissible and prejudicial evidence to the jury. Counsel further failed

7

to object to testimony of the previous trial; thus, prejudicing Petitioner. Counsel failed to object to Petitioner's numerous invocation of counsel. These are some, but not all of trial counsel's errors committed at trial. Further, a MADD plaque was posted behind the trial judge, which the trial judge refused to remove upon request. In a DWI trial, it is obvious that the MADD plaque positioned behind the trial judge was prejudicial to Petitioner. Counsel also failed to appropriately preserve error. Cumulatively, these numerous errors rendered Petitioner's assistance of trial counsel ineffective, with the ironic twist being that trial counsel gave prior notice that he was going to be ineffective before the trial began because of his recent head injury and the influence of prescribed medication that he was taking.

Petitioner's best case on point is *Jackson v. State*, 464 So.2d 1181 (Fla. 1985), wherein Florida's highest court found that where trial counsel suffered a head injury for which medication was prescribed, where trial counsel suffered from slurred speech and drowsiness and those temporary side effects could have impaired trial counsel's effectiveness of his representation of the defendant before the jury, Florida's Supreme Court held that a continuance was required and reversed defendant's conviction, remanding for a new trial. *Jackson*, at 1182-1183. Clearly, the trial judge's denial of counsel's motion for a continuance under similar injury and medication effects constituted an abuse of discretion which mandated reversal of Petitioner's conviction and the grant of a new trial.

The Texas Court of Criminal Appeals should adopt the holding of *Jackson*, *supra*.

The denial of trial counsel's motion for a continuance grounded upon his recent head injury and use of prescribed medication that caused him to be light-headed, dizzy, and not himself at trial was an abuse of discretion because trial counsel made many errors, which errors together constituted "cumulative error," that denied Petitioner a fair trial. Texas courts recognize the doctrine of "cumulative error," wherein a reviewing court may reverse a lower court judgment when the record shows a number of instances of error, "no one instance being sufficient to call for reversal, yet all the instances taken together may do so." *Sproles Motor Freight Lines, Inc. v. Long*, 140 Tex. 494, 168 S.W.2d 642, 645 (Tex. 1943); see also, *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 840 (Tex. 1979); *Smerke v. Office Equip. Co.*, 138 Tex. 236, 158 S.W.2d 302, 305 (Tex. 1941); *Nat' Freight, Inc. v. Snyder*, 191 S.W.3d 416, 424 (Tex. App. - Eastland 2006, no pet.); *Univ. of Texas at Austin v. Hinton*, 822 S.W.2d 197, 205 (Tex. App. - Austin 1991, no pet.).

Those errors include, but are not exclusive of,

1. trial counsel's failure to object to inadmissible portions of State's Exhibit 1, which contained incorrect and prejudicial information about Petitioner;

2.    trial counsel's failure to correctly offer Defense Exhibit 13, which included Petitioner's repetitive requests for an attorney to the arresting and investigative officers;

3.    trial counsel's failure to object to repeated testimony regarding Petitioner's first trial;

4.    the trial judge's display of a MADD plaque and the trial judge's refusal to remove it upon trial counsel's request;

5.    the trial judge's failure to maintain an atmosphere essential to the preservation of a fair trial;

6.    the trial court's failure to provide a complete definition of "reasonable doubt" in the jury charge over trial counsel's objections and despite the express holding of *Paulson v. State*, 28 S.W.3d 616 (Tex. Crim. App. 2000).

Petitioner's (a citizen's) right to a fair trial is constitutionally guaranteed, and this constitutionally guaranteed right is just as important as a victims, or the States.

"Society's interest, of course, is not simply to convict the guilty. Rather its interest is "in fair trials designed to end in just judgments. " *Oregon v Kennedy* *465 U.S. 667, 682 n. 7*, 102 S. Ct. 2083, 72 L. Ed. 2D 416 (1982), cited by *Ex parte Denton*, 399 S.W. 3d 540, 545 (Tex. Crim. App. 2013)

Petitioner, has a constitutional right to a fair trial, with effective assistance of trial counsel, not trial counsel under the influence because of a recent head injury.

10

In this case, Petitioner did not get a fair trial; therefore, Petitioner will file a Petition for a Writ of Certiorari to the U.S. Supreme Court and is asking this Court for a Stay and/or Recall of the Mandate until the U.S. Supreme Court has been able to treat that Petition.

Petitioner's grounds for a Petition for a Writ of Certiorari are substantial grounded upon the trial court's abuse of discretion in denying trial counsel's Motion for a Continuance grounded upon his recent head injury and use of prescribed medication that caused him to be dizzy, light-headed, and slurring of his speech during trial, and the cumulative error that was caused by the recent head injury and used of prescribed medication at trial; thus, denying Petitioner the effective assistance of trial counsel at trial.

Serious hardship would result to the Petitioner from the failure to recall the issued Mandate in the event of reversal by the Supreme Court of the United States because Petitioner would already have served the sentence imposed upon her before the Supreme Court of the United States had had an opportunity to review and rule upon her Petition for a Writ of Certiorari.

WHEREFORE, PREMISES CONSIDERED, the Petitioner prays that the Court:

1.    grant Petitioner's Emergency Rule 18 Motion for a Stay or Recall of Mandate;

11

2. if the Court chooses not to grant Petitioner's Motion, Stay or Recall the Mandate for an additional week so that Petitioner have sufficient time to file a similar Motion with the U.S. Supreme Court, and that Court may have sufficient time to consider and rule upon same;

And for such other and further relief, both general and special, legal and equitable, to which Petitioner may show herself to be justly entitled.

Respectfully submitted,

STEPHEN D. FOX
TBN 07337250
P.O. Box 312104
New Braunfels, TX 78131
(832) 245-2665
Fox.Stephen2011@gmail.com

ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been served upon all parties entitled to service via Tex. R. Civ. P. 21 and 21a on this the 21st day of December, 2015.

STEPHEN D. FOX

## APPENDIX

1. Judgment of Trial Court;
2. 14th Court of Appeals of Texas' opinion