DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES TYRELL FREDERICK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2526

[May 29, 2024]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Frank S. Castor, Judge; L.T. Case No. 502023MM000315A.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, C.J.

The State charged appellant, James Tyrell Frederick, with one count of threatening serious bodily harm to a Sheriff's Officer, a misdemeanor. After trial, a jury found him guilty as charged. On appeal, appellant claims the lower court reversibly erred by denying his request to backstrike a prospective juror using an available peremptory challenge before the jury was sworn. We agree and reverse for a new trial.

During jury selection, the defense accepted the panel without exercising any cause or peremptory strikes. When the panel returned to the courtroom, but before the jury was sworn, defense counsel moved to peremptorily strike a prospective juror for the first time. Counsel claimed that he believed the juror had been stricken and realized his oversight when the putative jury returned.

Over objection, the county court denied the strike, explaining that it would be unfair for the defense to challenge a juror after it had accepted the panel. Shortly thereafter, the clerk swore in the jury, which included the contested juror. Following his conviction, appellant timely filed this appeal.

At the outset, we emphasize that "[u]nder our common law, the time and manner of challenging and swearing jurors have traditionally rested within the sound discretion of the trial court." *Tedder v. Video Elecs., Inc.*, 491 So. 2d 533, 534 (Fla. 1986). Accordingly, a trial court's ruling on the propriety of a peremptory challenge is reviewed for abuse of discretion. *Siegel v. State*, 68 So. 3d 281, 286 (Fla. 4th DCA 2011) (citing *Franqui v. State*, 699 So. 2d 1332, 1334–35 (Fla. 1997)).

As an example of a trial court's broad discretion at jury selection, when a party exhausts the peremptory strikes available to them under Florida Rule of Criminal Procedure 3.350(a), a "trial judge has discretion to grant or deny additional peremptory challenges." *Parker v. State*, 456 So. 2d 436, 442 (Fla. 1984); *accord* Fla. R. Crim P. 3.350(e).

Further, after a juror is sworn, but before the evidence is presented, "the court may, for good cause, permit a challenge to be made." Fla. R. Crim. P. 3.310. In such a case, the trial court is vested with similar discretion to determine whether the challenging party has demonstrated good cause. *See Valle v. State*, 581 So. 2d 40, 45 (Fla. 1991).

However, a trial judge's discretion in managing jury selection is not without its limits. Before the jury is sworn, "[a] trial judge has no authority to infringe upon a party's right to challenge any juror, either peremptorily or for cause." *Gilliam v. State*, 514 So. 2d 1098, 1099 (Fla. 1987) (quoting *Jackson v. State*, 464 So. 2d 1181, 1183 (Fla. 1985)). As the Florida Supreme Court explained in *Gilliam*, the "denial of this right is per se reversible error" when a party has not exhausted his peremptory challenges. *Id.*

The Court has separately recognized that a party may exercise an available peremptory challenge through "backstriking," *McCray v. State*, 220 So. 3d 1119, 1123-24 (Fla. 2017) (citing *Jackson*, 464 So. 2d at 1183), which refers to "a party's right to retract his acceptance and object to a juror at any time before that juror is sworn." *Id.* at 1124 (quoting *Hayes v. State*, 94 So. 3d 452, 456 n.1 (Fla. 2012), *disapproved of on other grounds by State v. Johnson*, 295 So. 3d 710 (Fla. 2020)).

2

Accordingly, where, as here, a defendant has accepted the jury panel but has not exhausted his peremptory strikes, the trial court abuses its discretion when it refuses to entertain a peremptory challenge before the jury is sworn.

This court's opinion in *Matthews v. State*, 451 So. 2d 973 (Fla. 4th DCA 1984) is analogous. There, the defendant attempted to exercise a remaining preemptory challenge prior to the jury being sworn. *Id.* at 974. The trial court refused to entertain the challenge, explaining that "under his practice jury challenges were not permitted once a juror had been questioned and accepted, even though that juror had not been sworn." *Id.* On review, we reversed and remanded for a new trial, stating that "[w]e specifically disapproved of such a jury selection procedure" in *Grant v. State*, 429 So. 2d 758 (Fla. 4th DCA 1983). *Matthews,* 451 So. 2d at 974.

Similarly, our sister courts have held that a new trial is required when a trial judge prevents a defendant from using an available peremptory challenge to backstrike a juror after the defendant has accepted the panel but before the jury has been sworn. *See Shelby v. State*, 541 So. 2d 1219, 1219 (Fla. 2d DCA 1989) ("The case law of this state and the clear language of Florida Rule of Criminal Procedure 3.310 are explicit in their teachings that the denial of appellant's right to exercise his peremptory challenge before the jury is sworn is error and requires us to reverse appellant's convictions and sentences and remand for a new trial."); *Ivey v. State*, 699 So. 2d 820 (Fla. 1st DCA 1997) (reversing for a new trial where the circuit court prevented the defendant from using an available peremptory challenge to backstrike a juror after the defendant had accepted the panel but before the jury had been sworn).

Here, appellant's right to challenge any juror before the jury was sworn included the right to retract his acceptance of the panel and backstrike the prospective juror using an available peremptory challenge. The trial court exceeded its broad discretion to manage jury selection by refusing to entertain that strike. The court's error is reversible per se. *See Gilliam*, 514 So. 2d at 1099. Accordingly, we reverse appellant's judgment of conviction and remand for a new trial.

*Reversed and remanded.*

WARNER and KUNTZ, JJ., concur.

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*