301 So.2d 461 (1974)
Samuel Warren SHELBY, Appellant,
v.
STATE of Florida, Appellee.
No. U-251.
District Court of Appeal of Florida, First District.
October 15, 1974.
Allen C.D. Scott, II, of Maxwell & Scott, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., and Enoch J. Whitney, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was tried by jury on a two count information  the first count charging robbery and the second charging use of a firearm in the commission of a felony. On the first count the jury found appellant guilty of a lesser included offense of grand larceny and on the second count found *462 him guilty as charged. He was adjudged guilty by the trial court and sentenced to 15 years in the state prison with credit for jail time. This appeal is from the judgment and sentence.
Appellant has raised seven points upon which he relies for reversal. From our examination of the record and briefs, we find that two of his points have merit and the remaining five are without merit.
Seven days before trial the state filed a demand for notice of intention to claim alibi. Five days thereafter (with a weekend intervening) which was two days before trial, appellant filed notice of alibi. At the trial, on motion of the state (based upon Rule 3.200 F.R.Cr.P.) the trial court refused to allow appellant's alibi witness, Vernell Jackson, to testify. Rule 3.200, F.R.Cr.P., provides in pertinent part that upon written demand of the prosecuting attorney, a defendant in a criminal case who intends to offer evidence of an alibi in his defense shall, not less than 10 days before trial or such other time as the court may direct, file and serve upon such prosecuting attorney a notice in writing of his intention to claim such alibi and furnish certain specified information in relation thereto and furnish the names and addresses of the alibi witnesses. The rule also provides that not more than five days after receipt of defendant's witness list, or such other time as the court may direct, the prosecuting attorney shall file a list of his rebuttal witnesses to the alibi. The rule authorizes the court to exclude the evidence of either the prosecution or the defense (except the defendant's testimony) upon failure of such party to file the notice or the list as provided in the rule.
The rule clearly intends that the state, if it wishes to have notice that a defendant will offer alibi evidence, should put the process in motion more than 10 days before trial in order that the defendant may give notice of alibi not less than 10 days before trial. This gives the state five days thereafter to provide defendant with its alibi rebuttal witness list, leaving five days before trial for the defendant to check out the state's alibi rebuttal.
In this case the state made compliance by appellant with the 10 day provision of the rule impossible by not filing its written demand more than 10 days prior to trial. If the state waits until less than 10 days prior to trial to make its demand, it can still invoke the rule but it should then obtain an order from the court directing the time within which the defendant shall comply with the demand. Here, the state merely filed its late demand and did nothing more. The rule is silent as to when a defendant shall file his notice of alibi when the state files its demand within 10 days of trial. Appellant, in filing his notice two days before trial, was not in violation of the rule because the state had made compliance by him with the 10 day provision impossible and had not obtained an order of the court setting another time for appellant's compliance. Therefore, the trial court erred in excluding appellant's alibi witness.
Appellant's next point in which we find merit relates to the trial court's denial of his peremptory challenge of four members of the jury panel. It is the procedure of the Criminal Division of the Duval-County Circuit Court to select a jury on Monday for each of the cases which are to be tried during the week. On Monday, the jury for a particular case is selected and accepted by both the state and the defense. When the case comes up for trial later in the week, the jury is sworn and the trial begins. Such procedure was followed in this case but before the jury was called to the box on the day of the trial, defense counsel advised that he wished to excuse four members of the panel. The state objected and the court ruled that the defendant's motion was frivolous because he had already accepted the jury. The state, in support of its contention, relies upon Young v. State, 85 Fla. 348, 96 So. 381, for the proposition that a defendant may waive *463 his peremptory challenges. The factual situation in Young, however, was entirely different, and the Supreme Court there merely stated that a defendant may not be compelled to exhaust his peremptory challenges but may waive them.
Rule 3.310, F.R.Cr.P., provides as follows:
"The state or defendant may challenge an individual prospective juror before the juror is sworn to try the cause; except that the court may, for good cause, permit it to be made after the juror is sworn, but before any evidence is presented."
To answer the question here presented, we go back to the opinion of the Supreme Court of Florida in the very early case, O'Connor v. The State, 9 Fla. 215 (1860). There, the Supreme Court adopted the doctrine as laid down in Virginia in the case of Hendrick v. Com., 5 Leigh 707, and quoted from the Virginia court as follows:
"... this Court is unanimously of opinion that the right of a prisoner to challenge any juror peremptorily is absolute at any time before the juror is sworn, and that no circumstances can bring that right within the discretion of the court so long as it is confined to the number of peremptory challenges allowed by law."
The Florida Supreme Court in O'Connor then went on to say:
"Holding this ruling of the General Court of Virginia as correct, we are of opinion, that if the prisoner, at any time before any juror was or jurors were sworn, had retracted his election of such juror or jurors and expressed his desire to challenge him or them, it was his right to do so until the whole of his peremptory challenges were exhausted."
Later, Mann v. State, 23 Fla. 610, 3 So. 207 (1887) extended the same right to the state saying as follows:
"The first error assigned is: `In allowing the state to challenge Samuel Hightower, the seventh juror, who had been tendered by the state and accepted by the defense.' We think, in regard to this, the court did not err in allowing the state to challenge a juror after he had been tendered and accepted, but before being sworn. It has been held in this state that `it was the right of the prisoner to retract his acceptance and object to a juror at any time before he is sworn in chief.' O'Connor v. State, 9 Fla. 215. There are numerous authorities of other states to sustain this ruling, and we see no reason to change it. Is there any reason why the state should not be granted the same privilege? The statute gives her five peremptory challenges, and the prisoner twenty, and there is nothing in it to make a distinction between them as to the time of exercising the right, by which the prisoner will be permitted to challenge a jury before being sworn, while the state will not. The authorities place them on the same footing. Wharton, in his Criminal Pleading & Practice § 672, says: `The challenge, either by the prosecution or defense, must be before the oath is commenced, down to which period the right exists.' ... As our state holds the prisoner's right of challenge open until the jury is sworn, the same right should be accorded to the state."
We have not found that there has been any modification of this right since these early cases.
Reversed and remanded for a new trial.
RAWLS, C.J., and JOHNSON, J., concur.