514 So.2d 1098 (1987)
Burley GILLIAM, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 66850.
Supreme Court of Florida.
November 5, 1987.
*1099 Sharon B. Jacobs of Sharon B. Jacobs, P.A., Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
Burley Gilliam, Jr. was convicted of the sexual battery and first-degree murder of Joyce Marlowe. The trial court imposed the jury recommended sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Gilliam conducted his defense pro se with standby counsel, after the court conducted a Faretta[*] inquiry and determined that he had knowingly, intelligently, and voluntarily waived his right to counsel. Gilliam called no witnesses and introduced no evidence in his defense. He took the stand during the penalty phase and asked for the death penalty. The jury unanimously recommended death. The court found three aggravating factors: (1) the murder was committed while engaged in a sexual battery; (2) Gilliam was previously convicted of a capital felony or a felony involving the use or threat of violence to the person; and (3) the murder was heinous, atrocious and cruel. The court found no mitigating factors and imposed death.
Gilliam declined to challenge any prospective jurors during panel selection. He sought to strike the panel as a whole, or as many jurors as he was allowed to peremptorily challenge, at the completion of the state's jury selection. The court refused, even though the panel had not yet been sworn, finding that he had waived his right to participate in jury selection. Gilliam argues reversible error. We agree. Florida Rule of Criminal Procedure 3.310 provides that a defendant may challenge a prospective juror before the jury is sworn. We reaffirmed this right in Tedder v. Video Electronics, Inc., 491 So.2d 533 (Fla. 1986); Jackson v. State, 464 So.2d 1181 (Fla. 1985); Rivers v. State, 458 So.2d 762 (Fla. 1984); and Jones v. State, 332 So.2d 615 (Fla. 1976); and held that "[a] trial judge has no authority to infringe upon a party's right to challenge any juror, either peremptorily or for cause, prior to the time the jury is sworn." Jackson, 464 So.2d at 1183. The denial of this right is per se reversible error. We recede from Jones and Rivers to the extent that they hold otherwise.
Although now moot, Gilliam's argument that the court erred in failing to hold a complete competency hearing deserves mention. Prior to trial, three court appointed experts found Gilliam sane at the time of the offense and competent to stand trial. Gilliam's counsel requested a second competency evaluation when, on the eve of trial, Gilliam again insisted on discharging *1100 his appointed counsel. He had previously discharged his first appointed counsel resulting in nearly a one year delay in trial. The court again appointed an expert who subsequently testified that Gilliam refused to cooperate with the examination. Nevertheless, the expert testified that Gilliam remained competent to stand trial. Gilliam now claims that this evaluation and hearing were incomplete and insufficient.
It is the court's responsibility to determine a defendant's competency to stand trial; expert reports are simply advisory. Muhammad v. State, 494 So.2d 969 (Fla. 1986). Where a defendant attempts to thwart the process by refusing to cooperate, the court has no duty to order a futile attempt at further examination. Id. The court in this case had observed Gilliam's behavior and any behavioral changes which may have occurred subsequent to the initial competency evaluation. The defense offered no evidence to support its second allegation of incompetence. We find no error in the court's determination. It is axiomatic that our holding will not preclude Gilliam from raising the issue of his current competence on retrial.
We also address the following issues which may again arise on remand for a new trial. Gilliam argues that the court erred in failing to suppress evidence obtained from a warrantless truck search. Gilliam left the Tri-State Motor Transit Company truck at a repair station with instructions that he would return. He then traveled to Texas where he was eventually arrested. He later stated that he had in fact abandoned the truck. Tri-State, Gilliam's employer, had joint, if not total, control of the truck. The search, conducted pursuant to Tri-State's consent, was thus valid. See Muehleman v. State, 503 So.2d 310 (Fla. 1987); Preston v. State, 444 So.2d 939 (Fla. 1984); Ferguson v. State, 417 So.2d 631 (Fla. 1982); Silva v. State, 344 So.2d 559 (Fla. 1977).
Gilliam further contends that the court erred in failing to suppress his confession. The record, however, supports the trial court's finding that the confession was freely and voluntarily given. Gilliam was advised of his Miranda rights. He then requested an attorney, but immediately and without intervention agreed to talk. The United States Supreme Court held in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), that an accused who has requested counsel may not be further interrogated "unless the accused himself initiates further communication, exchanges, or conversations with the police." Id. at 484-485, 101 S.Ct. at 1885 (emphasis added). See also Bassett v. State, 449 So.2d 803 (Fla. 1984). Contrary to Gilliam's assertions, there is no indication in the record that the statement was coerced or that he was impaired by medication at the time of his confession.
Gilliam next argues that the court erroneously failed to strike the medical examiner's testimony that a sneaker found at the scene caused certain marks on the decedent. The examiner based her conclusions on an experiment in which she slapped a co-worker's back with the sneaker, leaving marks similar to those found on the decedent. She admitted, however, that she was not an expert on shoe-pattern evidence. An expert witness may testify only in his or her area of expertise. An expert opinion must not be based on speculation, but on reliable scientific principles. See Delap v. State, 440 So.2d 1242 (Fla. 1983). This medical examiner was not qualified as an expert in shoe patterns. Her testimony was neither reliable nor scientific and should not have been allowed.
In light of our disposition, we need not address the remaining issues. Accordingly, we reverse the conviction and sentence of death and remand for a new trial.
It is so ordered.
OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, C.J., concurs in result only.
NOTES
[*] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).