WIGGINTON, Judge.
The issue raised on appeal is whether the trial court erred in prohibiting defense counsel from exercising available peremptory challenges prior to the time the jury was sworn. We reverse.
During jury selection, when the time approached for the parties to exercise their challenges, the trial court announced the following procedure:
THE COURT: Now, you can back strike but only if the complexion of the jury changes. If for example [the prosecutor] said he accepts the first six, and you [defense counsel] said you accept, then that’s it. He can’t go back and say wait a minute I want to strike number one, two and three if the complexion of the jury changes. Same applies to you if the complexion changes. What say you for the State?
DEFENSE COUNSEL: Wait a minute, we can’t back strike after—
THE COURT: No, sir, not after if you accept the panel right now if he — for example, I said, do you accept the panel and he says I accept the panel, that’s it. It hadn’t changed, that’s the way it is.
Defense counsel then proceeded to use five of the six available peremptory challenges. Thereafter, the following colloquy occurred:
DEFENSE COUNSEL: ... I’ve got to go until I’ve used up all my six?
THE COURT: Are you satisfied with these?
DEFENSE COUNSEL: Well,—
THE COURT: He [the prosecutor] accepted the first six and I passed it to you. DEFENSE COUNSEL: In other words I am in the position to use all my six up right now if I have got to take everybody up on this first row?
THE COURT: That’s the way I do it. DEFENSE COUNSEL: Well, Judge, I am reserving the right to back strike.
THE COURT: You reserve it if you want to but I’m not going to let you do it....
Thereafter, when defense counsel used his fifth strike, he requested the court to grant him two additional peremptories, which request was denied. At that point, both the state and the defense had one remaining peremptory challenge. The defense used its remaining peremptory to strike an alternate juror. Thereafter, defense counsel interposed an objection “just to the process of having to pick my six and tendering without the option to back strike.” The court observed that defense counsel had the option to backstrike but not in the way it had wanted to. Defense counsel then said:
Judge, I would object that this process prohibits me. I would ask the record reflect there are one, two, three black males on the upper panel of the jury that there was no discussion of because that I was forced to use up all my peremptory challenges before the third row was reached. And I’d ask the record reflect that fact.
The court noted this fact but also observed that the defense had the opportunity to backstrike as did the state and did in fact do so.
On appeal, appellant argues that the court’s procedure preventing the exercise *913 of a challenge as soon as the parties tentatively accepted the panel patently violated the plain language of Rule 3.310, Florida Rules of Criminal Procedure. We agree. Rule 3.310 provides the following:
The State or defendant may challenge an individual prospective juror before the juror is sworn to try the cause; except that the court may, for good cause, permit it to be made after the juror is sworn, but before any evidence is presented.
In Gilliam v. State, 514 So.2d 1098 (Fla.1987), the supreme court categorically held that the denial of the defendant’s right to challenge a prospective juror before the jury is sworn “is per se reversible error.” Id. at 1099. See also Shelby v. State, 541 So.2d 1219 (Fla. 2d DCA 1989); Kidd. v. State, 486 So.2d 41 (Fla. 2d DCA 1986); Walden v. State, 319 So.2d 51 (Fla. 1st DCA 1975), cert. denied, 330 So.2d 21 (Fla.1976). Consequently, we must reverse appellant’s conviction and sentence and remand for a new trial.
BARFIELD and WOLF, JJ., concur.