591 So.2d 675 (1991)
Michael TELEMAQUE, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1649.
District Court of Appeal of Florida, Third District.
December 31, 1991.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Consuelo Maingot, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and GODERICH, JJ.
PER CURIAM.
Defendant appeals his convictions and sentences for battery on a law enforcement officer, battery, and resisting arrest without violence. During voir dire the state asserted that defendant was not exercising his peremptory challenges in a race-neutral manner and moved to strike the panel. The trial judge denied the motion, but stated that he would not permit defendant's next peremptory challenge. When defendant attempted to exercise another peremptory challenge, the court rejected the challenge. Defendant asserts the court committed reversible error.
We agree. The trial court's denial of defendant's peremptory challenge infringed on his "right to challenge any juror, either peremptorily or for cause, prior to the time the jury is sworn." Gilliam v. State, 514 So.2d 1098, 1099 (Fla. 1987), citing Jackson v. State, 464 So.2d 1181, 1183 (Fla. 1985). The trial court's denial constitutes per se reversible error. Gilliam, 514 So.2d at 1099. We therefore reverse defendant's convictions and remand for a new trial.
Reversed and remanded.