PER CURIAM.
Carl Lewis appeals his conviction and sentence for possession of a firearm by a *1196 convicted felon. He claims that he should have been allowed to “back strike” a prospective juror. We agree and reverse and remand for a new trial.
At trial, the judge announced that the parties would proceed to exercise their challenges to jurors until there was a “double pass.” The state excused one juror, appellant excused another, the state excused another, appellant passed, the state passed, and appellant attempted to excuse another juror. The trial judge, however, would not allow appellant to excuse any more jurors because there had been a “double pass.” Appellant timely objected to the trial court’s refusal to excuse the challenged juror.
A defendant may challenge a prospective juror at anytime before the jury is sworn. Fla.Crim.P. 3.310. Until the jury is sworn, a trial court cannot infringe upon a defendant’s right to challenge any juror, either peremptorily or for cause. Gilliam v. State, 514 So.2d 1098, 1099 (Fla.1987). To deny a defendant this right is per se reversible error. Id.
In light of our holding, we consider the remaining issues to be moot.
REVERSED AND REMANDED FOR A NEW TRIAL.
GLICKSTEIN, C.J., and WARNER and GARRETT, JJ., concur.