ALTENBERND, Judge.
Both of these defendants were tried and convicted during the week of May 20,1991. One felony division in the Tenth Judicial Circuit was conducting a jury management project that week, attempting to minimize the cost of jury trials and the inconvenience to jurors caused by more traditional jury selection methods. During this project, all juries for trials scheduled during the week were selected on Monday. The trial court did not administer the oath to the panels on Monday, but did so at the beginning of trial. From hindsight, it appears that the primary problem with this test project was the failure to have a few spare members of the venire available later in the week in the event that peremptory challenges were exercised prior to the administration of the oath. Because peremptory challenges were not permitted on the morning of trial before the juries were sworn, we must reverse both cases and remand for new trials.[1]
In Mr. Hawthorne’s case, when the panel was selected on Monday, he objected to the unusually low number of African-Americans on the venire. His attorney realized this development was not intentional, but simply a result of random selection. Nevertheless, he asked to strike the entire panel. When this request was denied, he accepted the entire panel, including one alternate juror. The trial began on Wednesday. Before the jury was sworn, the defense attorney requested an opportunity to ask a few individual questions to assure that the jurors would not decide the case based on racial issues. When this request was denied, he moved to peremptorily strike one juror and the alternate juror. He had two available peremptory challenges. This motion was denied because he had accepted the jury on Monday.
In Mr. Morgan’s case, the jury was selected on Monday and the trial began on Thursday. Before the jury was sworn, the defense attorney was permitted to question the jury concerning events between Monday and Thursday that might impact upon their service. One juror was obligated to return to court on Wednesday for another case, but had neglected to do so. Another juror had read certain articles in the newspaper which concerned the defense attorney. As a result, he moved to strike both jurors, using his available peremptory challenges. The motion was denied, and the attorney was told he should appeal Mr. Morgan’s case along with Mr. Hawthorne’s.
A similar experimental program confronted comparable problems nearly twenty years ago. In Shelby v. State, 301 So.2d 461 (Fla. 1st DCA 1974), the criminal division of the circuit court selected juries on Monday for each of the cases scheduled to be tried during the week. The jury was then sworn when trial began later in the week. Shelby selected and accepted a jury on Monday, but when his case was thereafter called for trial, he attempted to use four peremptory challenges. The trial court denied Shelby’s challenges as “frivolous because he had already accepted the jury.” Id. at 462. In reversing and remanding the case for a new trial, the First District found that a party’s absolute right to exercise peremptory challenges before the jury is sworn has not been modified since first recognized for criminal defendants in O’Connor v. The State, 9 Fla. 215 (1860), and extended to the state in Mann v. State, 23 Fla. 610, 3 So. 207 (1887). 301 So.2d at 463.
Our supreme court has consistently reaffirmed a party’s right to challenge a juror, either peremptorily or for cause, at any time before the jury is sworn. See Jackson v. State, 464 So.2d 1181 (Fla.1985); Sanchez-Velasco v. State, 570 So.2d 908 (Fla.1990), cert. denied, — U.S. -, 111 S.Ct. 2045, 114 L.Ed.2d 129 (1991). “The denial of this right is per se reversible *144 error.” Gilliam v. State, 514 So.2d 1098 (Fla.1987). See also Shelby v. State, 541 So.2d 1219 (Fla. 2d DCA 1989) (prior case law and clear language of Florida Rule of Criminal Procedure 3.310 are “explicit in their teachings” that denial of right to exercise peremptory challenge before jury is sworn is reversible error). Accordingly, we must reverse these convictions.
From statements made at oral argument, it is clear that at least some members of the public defender’s office disapproved of this project. In particular, the defense attorneys did not like the fact that the juries were not sworn on Monday and that jeopardy, therefore, did not attach at that time. Apparently, they were concerned that the state would gain some unfair advantage if the juries were not sworn on Monday. We do not comment on the merit of these concerns.
We are troubled, however, because it appears from statements at oral argument that, in light of his disapproval of the project, defense counsel in Mr. Hawthorne’s case had a planned strategy to exercise peremptory challenges on Wednesday morning, even if he had no basis for the challenges. He gave the trial court no advance warning of this strategy. With prior notice, the trial court could have arranged for a few additional members of the venire to attend court on Wednesday. It is sometimes difficult for an attorney to distinguish between the duty to zealously represent one’s client and the attorney’s duties as an officer of the court. Although it appears that Mr. Hawthorne’s attorney may not have fulfilled his duties as an officer of the court, we, nevertheless, reverse both defendants’ convictions because Mr. Hawthorne did not waive his peremptory challenges on the record and there is no evidence that he participated in any planned strategy.
Reversed and remanded for new trials.
CAMPBELL, A.C.J., and HALL, J., concur.

. This court has, on its own motion, consolidated these cases.