DIAMANTIS, Judge.
Appellant appeals his convictions for sale of cocaine,[1] possession of cocaine,[2] and possession of cannabis,[3] claiming that the trial court erred in refusing to allow him to strike two prospective jurors before the jury was sworn. We agree and, therefore, reverse and remand for a new trial.
The jury was selected one day but was not sworn. The next day, when appellant attempted to strike two jurors by exercising peremptory challenges, the trial court refused to allow the back-strikes on the basis that there were no other available jurors. Relying on Jones v. State, 332 So.2d 615 (Fla.1976), the state contends that such error was harmless. In Gilliam v. State, 514 So.2d 1098 (Fla.1987), however, the supreme court specifically receded from Jones and held that the trial court’s denial of a defendant’s right to challenge any juror prior to the jury being sworn constitutes per se reversible error. See also Lewis v. State, 593 So.2d 1195 (Fla. 4th DCA 1992); Telemaque v. State, 591 So.2d 675 (Fla. 3d DCA 1991); Johnson v. State, 565 So.2d 911 (Fla. 1st DCA 1990); Shelby v. State, 541 So.2d 1219 (Fla. 2d DCA 1989); Fla.R.Crim.P. 3.310.
REVERSED and REMANDED.
GRIFFIN and THOMPSON, JJ., concur.

. § 893.13(l)(a)l, Fla.Stat. (1991).

. §§ 893.03(2)(a)4, 893.13(l)(f), Fla.Stat. (1991).

.§§ 893.13(l)(f), 893.13(l)(g), Fla.Stat. (1991).