PER CURIAM.
Defendant appeals from a judgment of conviction for strong arm robbery. For the following reason, we reverse and remand for a new trial.
During voir dire, defense counsel attempted to backstrike a juror for cause. The trial court denied the challenge and announced that his “ground rules” allowed “challenges for cause when calling for cause, then we go to peremptories.”
Notwithstanding those “ground rules,” it is clear beyond peradventure that “[a] trial judge has no authority to infringe upon a party’s right to challenge any juror, either peremptorily or for cause, prior to the time the jury is sworn.” Gilliam v. State, 514 So.2d 1098, 1099 (Fla.1987) (citations omitted). The denial of that right is per se reversible error. Id. See also Telemaque v. State, 591 So.2d 675 (Fla. 3d DCA1991) (same), and Fla.R.Crim.P. 3.310 (“The state or defendant may challenge an individual *1117 prospective juror before the juror is sworn to try the cause_”).
Reversed and remanded for a new trial.