PER CURIAM.
Rodoff Desroches appeals a judgment of conviction for aggravated battery with a firearm. We reverse.
The trial court abused its discretion in precluding defendant, a black male, from exercising a peremptory challenge to strike a black prospective juror from the venire. Upon the state’s objection, defense counsel asserted that the prospective juror would be unable to relate to defendant’s situation and articulated several specific facts contained in the record in support of that reason. That reason constitutes a race-neutral, non-pretex-tual reason for striking the juror, who served as foreman on the jury. Cf Files v. State, 613 So.2d 1301, 1304 (Fla.1992) (peremptory challenge of prospective juror who is divorced, unemployed, has five children and no visible means of support permissible; juror’s situation “may indicate that the person may be more sympathetic to a party opposing an authoritative party in the litigation.”); Mitchell v. State, 622 So.2d 1156 (Fla. 5th DCA 1993) (peremptory challenge of prospective juror who was not member of civic or religious organization and expressed no interest in any activity except reading permissible where state was seeking politically conservative and community minded jurors). See generally J.E.B. v. Alabama, — U.S. -,-n. 16, 114 S.Ct. 1419, 1429 n. 16, 128 L.Ed.2d 89,105-06 n. 16 (1994) (absent a *1085 showing of pretext, peremptory challenge of all persons with military experience permissible; despite disproportionate effect on male prospective jurors, challenge is not gender or raced based). Accordingly, we reverse the judgment and remand for a new trial.
Reversed and remanded.