662 So.2d 1336 (1995)
Tony deAndre SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03898.
District Court of Appeal of Florida, Second District.
November 15, 1995.
*1337 Brian J. Donerly, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
LAZZARA, Judge.
The appellant, Tony Smith, seeks reversal of his jury conviction for first-degree murder and his resulting sentence of life imprisonment. We are compelled to agree with his argument that the trial court abused its discretion in denying him the right to exercise a peremptory challenge against a prospective juror who eventually sat on the jury which convicted him. Accordingly, because it is well settled in this state that the denial of such a right constitutes per se reversible error,[1] we must reverse and remand for a new trial.
The appellant, who is an African-American, was indicted for first-degree murder in connection with the shooting death of another African-American. All of the eyewitnesses to this tragic incident were also of the same race. One of these witnesses, who was described as the state's primary witness, was the mother of the appellant's two young children and the girlfriend of the victim. The precipitating event of the homicide appears to have been an argument between the appellant and the victim regarding the appellant's children. The appellant claimed selfdefense as justification for killing the victim.
During the course of a routine voir dire, both the state and appellant each peremptorily excused an African-American prospective juror without objection. The appellant also peremptorily challenged three other individuals because of their past connections with law enforcement. At one point, however, the state interposed a Neil[2] challenge to the appellant's attempt to exercise a peremptory strike against a young African-American female who was a single parent with two children, and who was employed as a teacher's aide at a local juvenile detention center.[3]
The appellant immediately responded with two reasons for seeking to exclude her from the jury. First, he was concerned that she would identify with the state's primary witness, whom defense counsel described as being hostile to the appellant, because both were single female parents and had two children. Second, appellant was concerned that *1338 the prospective juror's employment was too closely related to the criminal justice system, noting his prior challenges to anyone connected with law enforcement.
The trial court sustained the state's objection. In doing so, it only addressed appellant's second concern, observing that although it was a race-neutral reason, it did not apply to this juror. The trial court's ruling prompted defense counsel to observe, without contradiction from the state and with the concurrence of the trial court, as follows:
I do want to make sure that the record reflects that everybody is black, the victim is black, the defendant is black, all eye witnesses are black. At least one of the officers coming up are [sic] black. I didn't even think race was an issue in this case. And two other blacks have been bumped, one by each side.
(Emphasis added.)
While we recognize the broad discretion accorded a trial court in determining whether a peremptory challenge is racially motivated,[4] we conclude from this record that the trial court abused that discretion in failing to allow the appellant to strike this juror. Our conclusion is based on the following analysis.
The Florida Supreme Court recently reiterated one of the basic principles of Neil that there is an initial presumption in Florida law that a peremptory challenge will be exercised in a nondiscriminatory manner. Windom v. State, 656 So.2d 432, 437 (Fla. 1995). In line with this long-standing presumption, the appellant's reasons for seeking to strike the prospective juror were clearly race-neutral and non-pretextual. His first concern, that the juror would identify with the state's primary witness, was related to the facts of the case because both women were single parents with two children. See State v. Slappy, 522 So.2d 18, 22 (Fla.) (reason for challenge may be pretextual if "unrelated to the facts of the case") (emphasis added), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); cf. Desroches v. State, 645 So.2d 1084 (Fla. 3d DCA 1994) (African-American defendant's assertion that African-American prospective juror would be unable to relate to defendant's situation based on facts in record constituted race-neutral, non-pretextual reason for striking juror).
Appellant's second concern, the juror's perceived connection to law enforcement, also finds support in the record, contrary to the trial court's finding. See Wimberly v. State, 599 So.2d 715, 716 (Fla. 3d DCA 1992) (defendant's reason for striking security guard because his occupation was similar to that of a police officer found to be ethnically neutral). Furthermore, the appellant equally applied this basis in exercising peremptory challenges to strike three other prospective jurors. See Slappy, 522 So.2d at 22 (reason for challenge may be pretextual if not "equally applicable to juror" not challenged) (emphasis added).
We conclude, therefore, that the trial court abused its discretion in prohibiting the appellant from exercising a peremptory challenge against this particular juror because, based on this record, there was nothing to overcome the Neil presumption or to justify a finding of discriminatory intent. See Betancourt v. State, 650 So.2d 1021, 1023 (Fla. 3d DCA), review denied, 659 So.2d 272 (Fla. 1995); accord Garcia v. State, 655 So.2d 194, 195 (Fla. 3d DCA), review denied, 662 So.2d 343 (1995).
We pause at this juncture to acknowledge the trial court's well-founded observation in the record that it is often difficult to keep abreast of the ever-changing principles which govern what has become a most complex area of trial-related jurisprudence. See generally Batson v. Kentucky, 476 U.S. 79, 131, 106 S.Ct. 1712, 1741, 90 L.Ed.2d 69 (1986) (Burger, C.J., dissenting) (emphasizing the difficulty with which trial judges nationwide *1339 must find their way through the "morass" created by these newly-created principles). We also recognize the myriad of difficult scenarios confronting trial courts in attempting to correctly apply these principles, especially when an error made even before the jury is sworn becomes irreversible no matter how error-free the trial may eventually be and no matter that the jury's verdict is supported by substantial, competent evidence. See generally Edmonson v. Leesville Concrete Co., 500 U.S. 614, 645, 111 S.Ct. 2077, 2096, 114 L.Ed.2d 660 (1991) (Scalia, J., dissenting) (pointing out the additional layer of complexity these principles add "to an increasingly Byzantine system of justice that devotes more and more of its energy to sideshows and less and less to the merits of the case" but observing that the alternative of abolishing peremptory challenges "would cause justice to suffer in a different fashion."). Nevertheless, as noted, we are constrained by well established precedent to reverse appellant's conviction and resulting sentence and to remand for a new trial.
Reversed and remanded for new trial.
RYDER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Gilliam v. State, 514 So.2d 1098 (Fla. 1987); Mack v. State, 620 So.2d 804 (Fla. 5th DCA 1993); Williams v. State, 619 So.2d 487 (Fla. 1st DCA 1993); Morgan v. State, 603 So.2d 142 (Fla. 2d DCA 1992); Telemaque v. State, 591 So.2d 675 (Fla. 3d DCA 1991); Cure v. State, 564 So.2d 1251 (Fla. 4th DCA 1990).
[2] State v. Neil, 457 So.2d 481 (Fla. 1984) (establishing test for determining whether a party is exercising a peremptory challenge in a racially discriminatory manner and prohibiting such a race-based challenge).
[3] In view of our disposition, we need not reach appellant's argument that the prosecutor's perfunctory statement that "I have a Neal [sic] challenge to that" was insufficient under State v. Johans, 613 So.2d 1319 (Fla. 1993), to trigger any further Neil inquiry, especially since appellant never raised this claimed insufficiency to the trial court.
[4] Fotopoulos v. State, 608 So.2d 784, 788 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2377, 124 L.Ed.2d 282 (1993).