MORRIS, Judge.
The State of Florida seeks a writ of certiorari to quash the circuit court’s nonfi-nal order denying the State’s request to use a challenge for cause on an alternate juror and denying the State’s request to use its remaining peremptory challenges as back strikes after the original jury veni-re had been dismissed. We deny the petition as it relates to the challenge for cause without further comment. However, we conclude that the circuit court departed from the essential requirements of law which cannot be remedied on appeal by denying the State’s use of its remaining peremptory challenges. We therefore grant the State’s petition in part.
In late 2008, respondent, Victoria Page-Martin, was charged with one count of aggravated child abuse and one count of aggravated child neglect. Respondent was brought to trial in July 2013. During jury *492 selection, the State and respondent agreed to seat six jurors and two alternate jurors. Each side was provided with six peremptory challenges. By the end of the initial jury selection, the State had used four of its six peremptory challenges with two remaining. The record reflects that there were several challenges to prospective jurors and that the State never clearly stated its acceptance of the original panel due to an interruption by the trial court. However, the selected jurors were seated as the jury panel and alternates, and the original jury venire was dismissed.
Subsequently, a selected juror asked to be excused from jury duty based on a purported hardship, and the State objected. The parties and the circuit court then engaged in a lengthy discussion which resulted in the continuation of the proceedings until the following day. At no point was the original jury panel sworn in. The following day, the circuit court excused the juror and moved an alternate juror onto the jury panel, leaving only one alternate. The State objected to the entire jury panel and requested to use its remaining peremptory challenges. The parties and the court then discussed whether the State should be allowed to use its remaining peremptory challenges as back strikes, with the State arguing that it could do so at any time until the jury was sworn. Ultimately, the circuit court recognized that “the State should be allowed the opportunity to back strike at this point” but then stated it was impossible to back fill the seats with a venire person as the original venire had already been dismissed. Thus, the circuit court overruled the State’s objection to the jury panel. At that point, the State moved for a stay of the proceedings and elected to proceed by filing its petition for writ of certiorari.
Parties “may challenge a prospective juror [at any time] before the jury is sworn.” Gilliam v. State, 514 So.2d 1098, 1099 (Fla.1987) (citing Fla. R. Crim. P. 3.310). And ‘“[a] trial judge has no authority to infringe upon a party’s right to challenge any juror, either peremptorily or for cause, prior to the time the jury is sworn.’ ” Id. (alteration in original) (quoting Jackson v. State, 464 So.2d 1181, 1183 (Fla.1985)). “The denial of this right is per se reversible error.” Id.[1] Where a party has remaining challenges and attempts to back strike but is not permitted to do so, the party has demonstrated prejudice and the point has been preserved for appeal. See Tedder v. Video Elecs., Inc., 491 So.2d 533, 534 (Fla.1986).[2] These principles recognize that “an essential component of the right to trial by jury” is “the right to view the panel as a whole before the jury is sworn.” Id. at 535.
In Mack v. State, 620 So.2d 804, 804 (Fla. 5th DCA 1993), the jury was selected one day but was not sworn; the following day, when the defendant attempted to back strike two jurors by exercising peremptory challenges, “the trial court refused to allow the back[ jstrikes on the basis that there were no other available jurors.” Id. On the basis of Gilliam, the court found that such a denial constituted per se reversible error.
Although the Mack case does not explicitly state that the jury venire had *493 been dismissed, that is certainly implied by the facts, most specifically the trial court’s reasoning for refusing to allow the back strikes.[3] We therefore conclude that a party may challenge a prospective juror at any time before the jury is sworn even where the initial jury panel has been seated and the jury venire has been dismissed. Such a conclusion comports with the fundamental nature of the right to trial by jury which includes a party’s right to view the jury panel as a whole and to either accept the panel or to exercise any remaining challenges the party may have. See Tedder, 491 So.2d at 535 (relying on Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)).
Accordingly, we hold that the circuit court departed from the essential requirements of law by refusing to allow the State to exercise its remaining peremptory challenges because the jury had not yet been sworn. We further hold that this type of error results in irreparable harm because if the State were forced to proceed to trial without being allowed to exercise its remaining peremptory challenges and the defendant is acquitted, the State could not appeal.
Finally, we note that both parties have made arguments about what the proper remedy should be if we granted certiorari. We recognize that under the facts of this case, the State’s exercising its remaining peremptory challenges as back strikes makes obtaining a full jury panel more complicated. However, this court has no power other than to quash the order on review. See Broward Cnty. v. G.B.V. Int’l, Ltd., 787 So.2d 838, 844 (Fla.2001).
We therefore grant the State’s petition in part, quash the order on review as it pertains to the State’s use of its remaining peremptory challenges, and remand.
DAVIS, C.J., and NORTHCUTT, J., Concur.

. In Thomas v. State, 958 So.2d 1047, 1050 (Fla. 2d DCA 2007), this court noted that the per se "reversible error” analysis has its critics and is not uniformly applied.

. See also Jackson, 464 So.2d at 1183 (recognizing that even where a party has initially accepted a juror but later retracts his election and expresses a desire to challenge the juror, that party has the right to do so until he or she has exhausted all of his or her remaining peremptory challenges (citing O'Connor v. State, 9 Fla. 215, 229 (1860)).

. See also Shelby v. State, 541 So.2d 1219, 1219 (Fla. 2d DCA 1989) (holding that where both parties accepted original jury panel and jury was sent home for the day prior to being sworn, objecting party should have been allowed to exercise his remaining peremptory challenges on the day of trial), superseded by statute on different grounds as stated in Dowling v. State, 723 So.2d 307, 309 (Fla. 4th DCA 1998). Like the Mack case, our opinion did not expressly state that the jury venire had been dismissed, but that is implied by the fact that the jury had been accepted by both sides and told to return the next day for trial.